## BRADY *v.* VALENTINE.

(City Court of Brooklyn — General Term, February, 1893.)

In an action for injuries to plaintiff resulting from defendant's negligence, it appeared that defendant owned a tenement house; that the halls and stairs thereof were under his care and control; that the banister of the second flight of stairs was badly out of repair, and the second step from the top of that flight had worn so thin as to render it liable to spring and break off under the pressure of the foot, all of which defendant knew; that plaintiff and his sister, a tenant in this house, whom he was visiting, were not aware of the dangerous condition thereof; that plaintiff, while coming down the stairs, put his foot on this step, which sprang and broke off under such pressure, and when he caught hold of the banister, in an effort to save himself, it gave way to such an extent as to throw him down the stairs, inflicting upon him serious injuries.

*Held*, that the court properly submitted the case to the jury, who were fully justified in finding that plaintiff's injuries were caused by the negligence of defendant, and without contributory negligence on his part.

APPEAL by defendant from a judgment entered on a verdict of a jury, and also from an order denying a motion to set aside the verdict and for a new trial upon exceptions, and because the verdict was excessive and contrary to the evidence and law.

*Coxe & Stratton*, for plaintiff (respondent).

*Purrington & Shannon*, for defendant (appellant).

VAN WYCK, J. It is established by the evidence, or can be fairly inferred therefrom, that the defendant owned the tenement house mentioned in the complaint; that the halls and stairs thereof were in his charge, care and control; that the banister of the second flight of stairs was badly out of repair, and the second step from the top of that flight had worn so thin as to render it liable to spring and break off under the pressure of the foot, all of which the defendant knew; that the plaintiff and his sister, a tenant in this house, whom he was visiting, were not aware of such dangerous condition of this step and banister; that plaintiff, while coming down the stairs, put his foot on this step, which sprang and broke off under such pressure, and when he caught hold of the banister in an effort to save himself, it gave way to such an extent as to throw him down the stairs, inflicting upon him most serious injuries.

We think the court properly submitted the case to the jury, who were fully justified in finding that plaintiff's injuries were caused by the negligence of defendant, and without contributory negligence of the former. *Peil* v. *Reinhart*, 127 N. Y. 381; Laws of 1888, chap. 583, tit. 14, § 26; *Willy* v. *Mulledy*, 78 N. Y. 310; *McRickard* v. *Flint*, 114 id. 222.

We see no reason to disturb the verdict on the suggestion that the weight of evidence is against it or that the damages

are excessive, for the suggestion, in both instances, is unfounded. Error cannot be predicated upon any of the other exceptions called to our attention.

Judgment and order must be affirmed, with costs.

OSBORNE, J., concurs.

Judgment affirmed.