LULU ANTHONY, by JACOB ANTHONY, her Guardian ad Litem, Respondent, *v.* THE VILLAGE OF GLENS FALLS, Appellant.

*Negligence — a municipal corporation is not liable merely because a sidewalk is covered with smooth ice — some other negligence must be shown.*

A municipal corporation is not liable for an injury resulting from a smooth coating of ice on a sidewalk during the winter season, where there is no ridge, unevenness or other unusual condition of the walk, and where no fact is shown indicating negligence on the part of the municipal authorities, except a slippery walk, caused by a low temperature, in consequence of which all the streets within the municipality have become coated with ice.

APPEAL by the defendant, The Village of Glens Falls, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Warren on the 14th day of

November, 1895, upon the verdict of a jury rendered after a trial at the Warren Circuit, and also from an order entered in said clerk's office on the 15th day of November, 1895, denying the defendant's motion for a new trial made upon the minutes.

*James H. Bain*, for the appellant.

*J. A. Kellogg*, for the respondent.

PUTNAM, J.:

The plaintiff recovered a judgment in the court below for injuries sustained by her in consequence of falling on a sidewalk in one of the streets of the village of Glens Falls. The negligence attributed to the defendant was in allowing a strip of ice on such street to remain in a dangerous condition for several weeks before and up to the time of the accident.

The sidewalk at the place where the plaintiff fell was about eight feet wide, paved with stone and brick, and in good condition. The snow had been kept shovelled from it during the winter, and the stone portion at the time of the accident was free from ice and snow; but on the brick or outer part of the walk there was a thin, smooth coating of ice. At the place where the accident occurred there was no ridge, unevenness, accumulation of ice or snow, or obstruction. There was simply a thin coat of ice about two feet wide and several feet long. At the time many of the streets of the village were more or less in the same condition.

We think the trial court properly submitted to the jury the questions raised as to the contributory negligence of the plaintiff, and as to whether the condition of the walk at the place in question had continued for a long enough period to charge the defendant with notice thereof.

Hence, the only question requiring consideration is, whether negligence could be attributed to the corporation for failing to remove the strip of ice in question.

In *Kinney* v. *The City of Troy* (108 N. Y. 567) the action was brought to recover damages resulting from a fall on one of the defendant's streets on which ice had formed. The court held (we quote from the syllabus): "A city is not bound to keep its sidewalks absolutely free from ice; and while it may be liable to a traveler for

injuries caused by an accumulation of ice rendering a sidewalk unsafe, where the circumstances are such as to charge it with a neglect of duty, to impose such liability something more must be shown than the simple fact that there was ice upon the sidewalk rendering it slippery." In the case under consideration no fact was shown indicating negligence on the part of the corporation except that there was ice on the sidewalk, and under the doctrine thus laid down by the Court of Appeals the plaintiff failed to show any omission of duty on the part of the defendant.

In *Kaveny* v. *The City of Troy* (108 N. Y. 571) it was shown that the sidewalk at the place where the accident occurred was made slippery by water dripping from the eaves of a building and freezing. The Court of Appeals held that the city was not compelled to remove the ice so formed, nor to exercise unreasonable, persistent or extraordinary diligence during freezing weather to remove ice formed from natural causes. In the opinion of Judge FINCH the following language is used : " Something more than the presence of ice, due to the results of a low winter temperature, must be shown to make the city chargeable with negligence."

In *Gramm* v. *The Village of Greenbush* (20 N. Y. St. Repr. 370) the General Term of the third department made a similar decision. In *Harrington* v. *The City of Buffalo* (121 N. Y. 147) the action was brought to recover damages for an injury occasioned by ice which was allowed to remain on one of the sidewalks of the defendant. There was evidence showing that the walk, at the place where the accident occurred, was covered with ice. The court held that the city was not liable; that the proof did not show that there was an unusual or dangerous obstruction to travel arising from snow or ice on the sidewalk; and for this reason, as well as upon the ground of want of notice to the city of the condition of the street, the judgment was reversed. (See, also, *Taylor* v. *The City of Yonkers,* 105 N. Y. 202.)

We think the principle may be deemed established by the authorities that a municipal corporation is not liable for an injury resulting from a smooth coating of ice on its sidewalks during the winter season where there is no ridge, unevenness or unusual condition of the walk, and where, as in this case, no fact is shown indicating negligence on the part of the municipal authorities, except a mere

slippery walk caused by a low temperature, in consequence of which all the streets within the municipality have become coated with ice. In this climate it is not within the power of a municipal corporation to prevent such a condition of its streets.

In *Fox* v. *The Village of Fort Edward* (48 Hun, 363) the same General Term which shortly afterwards passed upon the case of *Gramm* v. *The Village of Greenbush* (*supra*) sustained a recovery for the plaintiff, but it was shown that there was an unusual condition and accumulation of ice. In each of the cases of *Todd* v. *The City of Troy* (61 N. Y. 506); *Pomfrey* v. *The Village of Saratoga Springs* (104 id. 459); *Keane* v. *The Village of Waterford* (130 id. 188), and *Weston* v. *The City of Troy* (139 id. 281), where a municipal corporation has been held liable for injuries received by an individual in consequence of ice being allowed to remain on its sidewalks, it was shown that there was a ridge or accumulation of snow or ice forming an obstruction in the street.

We conclude that the trial court should have granted the motion of the defendant made at the close of the evidence to dismiss the complaint.

The judgment should be reversed and a new trial granted, costs to abide the event.

PARKER, P. J., and LANDON, J., concurred; HERRICK and MERWIN, JJ., concurred in result.

Judgment and order reversed, new trial granted, costs to abide the event.