(20 Misc. Rep. 568.)

## HARKIN v. CRUMBIE.

(Supreme Court, Appellate Term. July 1, 1897.)

LIABILITY OF LANDLORD—DANGEROUS PREMISES.

> The landlord of an apartment house is not liable for an injury to a visitor to one of his tenants, caused by slipping on a piece of smooth ice, in the approach to such house from the public street, when the ice was formed by natural causes, and is not of such a rough or uneven character as to constitute an obstruction.

Appeal from city court of New York, general term.

Action by Ellen F. Harkin against George B. Crumbie. The action was brought to recover for personal injuries sustained by the plaintiff while visiting a tenant of the defendant, who lived in his apartment house No. 334 East Sixty-Sixth street. In leaving the house, at 10 o'clock at night, on February 16, 1894, plaintiff slipped upon a patch of ice in front of the building in a passageway or court yard, leading from the stoop to the sidewalk. Verdict for plaintiff (45 N. Y. Supp. 1142, mem.), and defendant appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Henry G. Atwater and Frank R. Crumbie, for appellant.
Hector M. Hitchings and Patrick J. O'Beirne, for respondent.

DALY, P. J. This case presents the question whether the landlord of an apartment house, whose duty it is to use ordinary care to keep the approaches or passageway to it from the public street, used in common by his tenants, in a reasonably safe condition, is liable for an injury to a visitor to one of his tenants, caused by slipping upon a patch of smooth ice which was formed by natural causes, and not removed by him from such approaches or passageway within a reasonable time after the fall of snow and sleet which caused it. If an injury had occurred from such a cause to one traveling on the sidewalk of a public street, namely, by slipping upon smooth ice, the municipal authorities would not be liable, although they are under the duty of using ordinary care to keep the streets in a reasonably safe condition. Unless the ice is of such a rough and uneven character as to constitute an obstruction, no negligence can be imputed to the city. It is not liable for injury resulting from slipping upon a smooth coating of ice on the sidewalk during the winter season where there is no ridge, unevenness, or other unusual condition of the walk. Anthony v. Village of Glens Falls, 4 App. Div. 218, 38 N. Y. Supp. 536; Buck v. Village of Glens Falls, 4 App. Div. 323, 38 N. Y. Supp. 582. The simple fact that there is ice on the sidewalk, rendering it slippery, does not make the municipality liable for injuries caused thereby to persons using the street; and this even where the condition has lasted for several days, and not even where the slippery condition is due to artificial causes, in that children use the sidewalk for a slide, as in the case last cited. Something else must be shown to make out a case of negligence, such as the formation of an obstruction to travel by a ridge, an unevenness or unusual condition of the walk, in addition to the mere formation of ice.

Upon the question of whether the same rule should be applied to a private person and the premises under his control, we have an authority clearly in point. An action was brought against a railroad company for injury received by a passenger slipping upon smooth ice on the train platform. It was held that the duty of the company was somewhat analogous to that of municipal corporations, in respect to the removal of snow and ice from the public streets, which, while required to move dangerous accumulations of snow or ice, within a reasonable time, are not to be deemed negligent if they do not remove all traces of such obstructions which do not constitute something

more than the presence of a danger arising alone from their inherent quality of being slippery. Palmer v. Pennsylvania Co., 111 N. Y. 488, 18 N. E. 859, citing Taylor v. Yonkers, 105 N. Y. 202, 11 N. E. 642; Kinney v. City of Troy, 108 N. Y. 570, 15 N. E. 728; Kaveny v. Same, 108 N. Y. 572, 15 N. E. 726. The duty of the landlord of an apartment house with respect to the public approaches or passageway in front of his steps or stoop would seem to be no different in character from that of a railroad company with respect to the platforms used by the passengers on its cars. There is the same danger to be apprehended and guarded against, and the same necessity for care, and the relation of the owner of a house to persons invited upon his premises is analogous to that of a railroad company to persons invited to become passengers upon its cars. So far as the duty of removal of ice formed by natural causes upon the public streets or upon private premises is concerned, it would seem that, unless such formation constitutes an obstruction by which the ordinarily traveled approaches are rendered unsafe, other than by the mere slippery condition of the walk, there is no duty to remove such ice.

In the case before us, there were large and small patches of ice left in the courtyard or approach to the front steps of the defendant's house. The ice upon which the plaintiff fell was a patch of smooth ice, about one foot in width and three feet in length, running along the side of this passageway leading from the stoop to the street. Conceding that these patches of ice were on his premises, and not on any part of the sidewalk, they were not accumulations constituting obstructions, such as hummocks, or ridges, in the path of the traveler, but were smooth slippery places, formed by natural causes, by a succession of snow and sleet storms. Their only danger arose from their inherent quality of being slippery, and, under the authorities cited, the failure to remove them was not negligence, rendering the landlord liable to persons going in and out of the premises who might chance to slip upon them. The cases in which the landlord has been held liable for the condition of that part of his premises used in common by all his tenants are easily distinguishable, and are those in which the dangerous condition or obstruction to safe passage has been caused by him; as where the step and banister of the staircase became loose and rotten (Brady v. Valentine, 3 Misc. Rep. 20, 21 N. Y. Supp. 776); where the carpet on a stairway was defective (Peil v. Reinhart, 127 N. Y. 381, 27 N. E. 1077); or the oil cloth on the stairway became defective (Henkel v. Murr, 31 Hun, 30); or where a slat in the flooring of a roof used for drying clothes became rotten (Alperin v. Earle, 55 Hun, 211, 8 N. Y. Supp. 51); or the plaster fell from the ceiling of a hallway (Dollard v. Roberts, 130 N. Y. 269, 29 N. E. 104); or where the landlord failed to light a dark stairway (O'Sullivan v. Norwood, 8 N. Y. St. Rep. 388); but liability in such a case may be questioned after Muller v. Minken, 5 Misc. Rep. 444, 26 N. Y. Supp. 801, and Hilsenbeck v. Guhring, 131 N. Y. 674, 30 N. E. 580.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.