(89 App. Div. 211.)

### WESENER v. SMITH.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. NEGLIGENCE OF LANDLORD—INJURIES TO TENANT—OBSTRUCTIONS ON PREMISES —PLEADING.

In an action for injuries to a tenant caused by falling over an obstruction in the yard in the rear of the house, the complaint alleged that the yard was obstructed with débris and other obstacles "so as to make it dangerous for one to walk or use said yard or court without being injured by tripping or falling over said débris or obstacles." Held a sufficient allegation of negligence.

2. SAME—EVIDENCE—SUFFICIENCY.

Proof that refuse of every kind had accumulated in the yard of a house of which plaintiff, among others, was a tenant, between the path and the fence near which the ash can stood, and that grass was growing over these objects, so as to partially conceal them, and that this state of things had existed for several months, justified a finding that the premises were dangerous, and that such an accident as befell plaintiff might reasonably have been anticipated by the landlord.

3. SAME—RULE OF ORDINARY CARE—APPLICATION.

The rule that the obligation of ordinary care on the part of a landlord does not extend to danger created by the tenants themselves does not apply to obstructions created by the acts of tenants other than the person injured, when the landlord has undertaken to provide safe access to a particular portion of the premises.

4. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

The issue of contributory negligence in an action for injuries to a tenant caused by falling over an obstruction in the yard in the rear of the house was for the jury.

Appeal from Trial Term, Kings County.

Action by Barbara A. Wesener against Eliza Jane Smith for personal injuries. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

James Troy, for appellant.
Gratz Nathan, for respondent.

WILLARD BARTLETT, J. The plaintiff was one of several tenants occupying a house belonging to the defendant. In the yard at the rear of the house a number of cans were provided for the deposit of ashes and garbage by the tenants. These cans were placed a short distance from a flag walk which led out into the yard. According to the plaintiff's testimony, she went into the yard with a pan of

ashes, the contents of which she emptied into one of the cans; and as she was leaving the cans, proceeding toward the flag walk, she stumbled and fell over some obstructions which had been allowed to accumulate under the grass and weeds, which she described as being about 20 inches high at this point. The plaintiff's hip was fractured as a result of her fall, and she has recovered $750 damages in the present action, on the ground that the defendant was negligent in having allowed the yard in the vicinity of the ash cans to become obstructed by the accumulation of débris of various sorts at that point. Her testimony tended to show that this accumulation had existed for several months—certainly long enough to impute notice to the owner of the premises.

In behalf of the appellant it is conceded to have been the duty of the defendant to exercise ordinary care to keep the yard used in common by the tenants in a safe condition for the purposes of such use, thus recognizing the rule stated by the New York Court of Common Pleas in Canavan v. Stuyvesant, 7 Misc. Rep. 113, 27 N. Y. Supp. 413, where it is said:

"A landlord of a tenement house is bound to keep the yards, hallways, coal holes, etc., in proper repair and reasonably safe condition, and is chargeable in damages to any one injured for a failure to do so."

It is argued, however, that it was neither alleged in the complaint, nor proved upon the trial, that these premises were unsafe. We are not able to concur in this view. The complaint alleges that the yard was allowed to, and did, become obstructed "with débris, sticks, stones, and other obstacles, so as to make it dangerous for one to walk or use said yard or court without being injured by tripping or falling over said débris or obstacles." This seems to us a sufficient allegation of negligence. It was sustained by proof that refuse of every kind—bottles and bricks and stone and rags—had accumulated between the path and the fence near which the ash cans stood, that grass was growing among and over these objects to a height sufficient to partially conceal them, and that this state of things had existed for several months. We think a jury might fairly deem such a condition of the premises dangerous for the use of the tenants, and that such an accident as befell the plaintiff might reasonably have been anticipated by the landlord, or the agent of the landlord, who allowed it to exist.

It is argued, in the second place, that the obligation of ordinary care on the part of the landlord does not extend to danger created by the tenants themselves. This rule, however correct in its application to other cases, does not apply to obstructions created by the acts of tenants other than the person injured, where the landlord has undertaken, as in this case, to provide safe access to a particular portion of the premises. There is nothing to show in the testimony here that the plaintiff herself had done any act toward creating the condition of things in the yard of which she complained.

The most serious question in the case relates to the issue of contributory negligence, and, if the jury had found against the plaintiff on that issue, I do not see how we could have interfered with their verdict. She testified that she knew that the yard was kept in a ter-

rible condition, and, when asked why she did not look where she was going, answered: "I didn't think of looking. If I had looked, I would never have had the fall." If this testimony stood alone, the appellant would have been entitled to have a verdict directed in her favor. It was subsequently qualified, however, to such an extent as to make it incumbent upon the learned trial judge to submit the question of contributory negligence to the jury. The plaintiff, on being further questioned, stated that she could not have seen the rubbish by looking, but could have seen it only by stooping down; and it was for the jury to say whether, under these circumstances, she was bound, in the exercise of reasonable care, to take that precaution. Under the authorities, her previous knowledge of the dangerous condition of the yard was not conclusive evidence of contributory negligence on her part, as matter of law. Palmer v. Dearing, 93 N. Y. 7; Peil v. Reinhart, 127 N. Y. 381, 27 N. E. 1077, 12 L. R. A. 843; Dollard v. Roberts, 130 N. Y. 269, 29 N. E. 104, 14 L. R. A. 238. We think the judgment must be affirmed.

Judgment and order unanimously affirmed, with costs.