LAUFERS–WEILER v. BORCHARDT.

(Supreme Court, Appellate Term.   June 23, 1904.)

1. NEGLIGENCE—STEPS OF BUILDING—INJURIES—LIABILITY OF OWNER.
    The owner of an apartment house is not liable for injuries caused by an uneven deposit of ice and snow on steps, where it appears that there was no weather permitting removal, and that the unevenness was caused by ashes put on to render the steps more safe.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by John H. Laufers-Weiler against Samuel Borchardt. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

Frank Verner Johnson, for appellant.
Millard H. Ellison, for respondent.

SCOTT, J.   Both parties cite and rely upon the authority of Harkin v. Crumbie, 20 Misc. Rep. 568, 46 N. Y. Supp. 453, wherein this court likened the liability of the owner of an apartment house to keep a passageway free from ice and snow to that of a municipal corporation in its care of sidewalks, or that of railroad companies in their care of train platforms. It was held that a recovery could only be had where the defect complained of was not alone that the way was slippery, but that there was also some obstruction to travel, such as a ridge, unevenness, or unusual condition of the way, in addition to the mere formation of ice. The plaintiff, in his complaint, attempts to bring himself within this rule by charging as the negligence imputable to defendant that he had suffered the steps upon which plaintiff slipped to become "covered with rough and uneven layers of ice and snow." It is manifest that the roughness and unevenness of surface to which the court referred in the case cited was some condition which aggravated the danger caused by the ice or snow, and which tended to make the particular place more dangerous than it would have been if the surface

had been smooth. The plaintiff's witnesses did describe the step on which he slipped as rough and uneven, but their testimony also showed that this roughness and unevenness were not due to "uneven layers of ice and snow," but to the ashes and sand which had been put on the step in the attempt to mitigate the danger caused by the sleet and snow. The evidence shows that there had been a fall of snow and sleet two or three days before the accident, and that from the time of that fall until the happening of the accident the temperature had been continually below the freezing point. The defendant therefore had no opportunity to clear the steps entirely. It was possibly his duty, under those circumstances, to do what he reasonably could to minimize the danger, by spreading ashes or sand over the surface. Weston v. N. Y. Elevated R. R. Co., 73 N. Y. 595. At all events, it was a prudent thing to do, and for doing so he should not be held guilty of negligence. There is absolutely no evidence that whatever unevenness was caused by the ashes rendered the steps more dangerous than they would have been if left alone, and the presumptions are all the other way.

The judgment should be reversed and a new trial granted, with costs to appellant to abide the event. All concur.