(98 App. Div. 206)

### GARRETT v. SOMERVILLE.

(Supreme Court, Appellate Division, Second Department. November 18, 1904.)

1. LANDLORD AND TENANT—DEFECTIVE PREMISES—INJURIES TO TENANT—NEGLIGENCE—QUESTION FOR JURY.

In an action for injuries to a tenant of a building by defects in a back yard maintained by the landlord for the benefit of all the tenants, evidence *held* to require submission of the question of defendant's negligence to the jury.

2. SAME—CONTRIBUTORY NEGLIGENCE.

Where plaintiff, a tenant of defendant's building, was injured by the tipping of a drain cover as she passed over it while going through a common back yard maintained by the landlord for the use of all the tenants, and it appeared that the drain tipped by reason of the earth having sunk away from the top of the drain tile, which left it without proper support, plaintiff was not guilty of contributory negligence, as a matter of law.

Appeal from Trial Term, Kings County.

Action by Mary E. Garrett against Lowry Somerville. From a judgment in favor of plaintiff, and from an order denying a new trial on the minutes, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Smith Lent, for appellant.
Bruce R. Duncan, for respondent.

PER CURIAM. The defendant is the owner of a tenement house at 254 Gold street, Brooklyn, and has been such owner for about 11 years. The plaintiff, a woman 64 years of age, is one of his tenants, and had been such for 3 or 4 years at the time of the accident complained of here. On the 4th day of January, 1902, the plaintiff went into the back yard of the premises, which were retained in the possession of the defendant for the common use of his tenants, for the purpose of emptying her ash pail. In crossing the yard she stepped upon the cover of a drainage pipe, and, while her evidence upon this point is somewhat confusing, there was enough to support the conclusion that the cover turned up at an angle by reason of the fact that the earth had gradually washed or sunk away from the top of the drainage tile, and had left the same without proper support; and she was thrown down, sustaining an injury to her ankle, which appears to be of a permanent character.

90 N.Y.S.—45

The jury found a verdict in favor of the plaintiff, and from the judgment entered upon such verdict the defendant appeals.

From the photographs in evidence, and from the testimony of witnesses, it is evident that this back yard, originally fitted up in a proper manner, had been permitted to deteriorate during a long series of years, dating back at least as long as the defendant's ownership; and there was nothing in the appearance of the drain cover to indicate that it was out of order, or that it was more dangerous than other portions of the back yard. After the plaintiff's injury, it was discovered that the earth had receded from the drainage pipe, and that the cover—about eight inches square, and perforated to permit the water to flow down into the drain—was lacking in support, so that one stepping upon one side of the same would be liable to be injured; and the question was submitted to the jury whether the defendant had exercised a proper degree of care in not discovering this defect. We think this question was properly for the jury, and the evidence supports the verdict. The jury has likewise found absence of negligence contributing to the accident, and we think the inference was properly deducible from the evidence. An examination of the exceptions discloses none which should operate to overturn the judgment in this case.

The judgment and order appealed from should be affirmed, with costs.