### December 27, 1916.

## THE PEOPLE v. DAVID RIPLEY.

## THE PEOPLE v. DAVID DUFF.

(1.) PENAL LAW, § 1425, SUBD. 3.

Defendant removed a frame bungalow, in the course of construction, from property to which they claimed title and upon which they had lived for nine years, and which they regarded as a trespass by the builder of the bungalow. *Held*, that unless it was proven beyond a reasonable doubt that the acts complained of were committed maliciously a conviction could not be had.

(2.) SAME.

The word "willfully" used in section 1425, subd. 3, Penal Law, does not mean voluntary or intentional act which is wrongful, it includes the idea of an act intentionally done with a wrongful purpose, or with a design to injure another or one committed out of mere wanton or lawlessness.

Present: — HON. CLARENCE EDWARDS, P. J.; HONS. GEORGE O'KEEFE and JOHN J. FRESCHI, JJ.

Appearances: — *Albert C. Fach, District Attorney,* for People.

*Joseph Maloy,* for defendant.

BY THE PRESIDING JUSTICE (orally):

I think the defendants are clearly entitled to acquittal on two grounds:

First: To maintain the prosecution it must be shown beyond

reasonable doubt that the complainant at the time mentioned was the owner of the freehold affected. On the contrary, as it seems to me, the evidence submitted to locate the tract described in the complainant's deeds is inconclusive, and the defendant's claim of title is at least fortified by recent continued possession.

Second: To incur the condemnation of the statute the defendants must have intended to do the act forbidden, that is, to sever substance from the freehold *of another*. If they supposed the title was in themselves, they could not have had any intent to trespass on the lands of another, in any act that they may have done. Thus in the greatest strictness of interpretation against the defendants, the word *willfully* includes the element of conscious violation of the right of another. Moreover, upon reason and authority, the offense defined by the statute is inconsistent with innocence of wrongful intent. The Standard Dictionary defines the word *willfully:*

" In law, designedly as opposed to inadvertently: in a penal statute, purposely, with evil intent, maliciously."

The Century Dictionary and Cyclopedia defines the word willfully under No. 3:

" In law, willfully is sometimes interpreted to mean —

"A. By an act or omission done of purpose with intent to bring about a certain result: or

" B. With implication of evil intent or legal malice, or with absence of reasonable ground for believing the act in question to be lawful."

Under these definitions from lexicographers, it appears that common usage is in support of the definition suggested for the word *willfully*. The cases decided in this State are to the like effect. It seems sufficient to refer to McMorris v. Howell (89 App. Div. 272), which was an action for malicious prosecution. The Appellate Division in the Second Department, Justice WOODWARD writing the opinion, affirmed a judgment in favor of the plaintiff against a defendant who had prosecuted under

this statute. The plaintiff had removed a padlock to enter and
to make repairs to a building under direction of one claiming
title, and the defendant caused his arrest for violation of Penal
Code (§ 640, subd. 3 [new Penal Law, § 1425, subd. 3]).
The court declared that the definition of *willfully* in Wass v.
Stephens (128 N. Y. 123) applies to this statute now being
considered in the case before us. See also People v. Bates (79
Hun, 584).

*Willfully* means more than an intentional act which is also
wrong. (38 Cyc. 1181 — Trespass.)

I think the defendants were acting, as they believed, within
their rights; and hence they are not guilty as now charged at
the bar of this court.

FRESCHI, J. (concurring) :

The defendants, Ripley and Duff, were charged by separate
information filed by the district attorney of Richmond county
with a violation of section 1425, subdivision 3, of the Penal
Law, which provides that " a person who willfully severs from
the freehold of another, or of the People of the State, any pro-
duce thereof, or anything attached thereto, is guilty of a mis-
demeanor."

By stipulation, the defendants were jointly tried.

The charges involved in the informations here arose after
the defendants had removed a frame bungalow, in the course of
construction, from the property, to which they claimed title
and upon which they have lived for the last nine years. The
timbers so removed were placed by the defendants over the line
they claimed as their boundary line.

I am satisfied by the record before me that the defendants
acted without undue force or any malice.

My opinion is and I hold that unless it can be proven beyond
a reasonable doubt that the acts complained of were committed
maliciously that the case would not warrant a conviction. The
word " willfully " as used in this section does not mean volun-

tary or intentional act which is wrongful. As was stated by the Court of Appeals in Wass v. Stephens (128 N. Y. 123; see also 12 N. Y. Ann. Digest, 1341), " it includes the idea of an act intentionally done with a wrongful purpose, or with a design to injure another, or one committed out of mere wanton or lawlessness." While the Wass case (*supra*) dealt with another section of the Penal Law, yet the underlying principle of the case should govern the decision here.

The defendants in the case at bar regarded the acts of the builder of the bungalow as constituting a trespass upon their land to which they claimed title, and which title seems to be based, as appears from the evidence, upon several tax deeds and other deeds of records covering a long period from the owner of the record title and an occupancy undisturbed for several years. Surely it would work a serious injustice to hold that such acts, under these circumstances, constitute a reckless and lawless disregard of the rights of another from which the court might spell a malicious or wanton wrong; more particularly when it has been established by the defendant that they acted in good faith and upon reasonable ground, believing that they are the owners in fee of the land in question. (See also Cook v. Bartlett, 100 N. Y. Supp. 1032; People ex rel. Hegeman v. Corrigan, 195 N. Y. 1; Van Siclen v. Bartol, 95 Fed. Rep. 793, 798; N. Y. Fidelity, etc., Co. v. Timmonsville Bank, 139 Fed. Rep. 101, 103; 40 Cyc. 944.)

Aside from the question as to whether the conduct of these defendants was such willful wrongdoing as made them criminally liable, still I believe that the record here presents enough on behalf of the defendants to give rise to a reasonable doubt as to whether the title of the freehold in question is in some person other than these defendants.

I vote, therefore, to acquit the defendants.

O'KEEFE, J., concurs.

Defendants acquitted by unanimous determination of the court.