Margaret Mary J. Mangan, J.
This case was tried by the court without a jury. Formal findings were waived.
The plaintiff wife, a tenant, seeks damages for personal injuries and the plaintiff husband claims medical expenses and loss of services as a result of his wife slipping on ice upon a pathway of the premises owned by the defendant. The plaintiffs were, at the time of the occurrence upon which this action is based, tenants in a so-called garden-type maisonette dwelling, which, by subdivision 8 (pars, a, b) of section 4 of the Multiple Dwelling Law, as amended by chapter 562 of the Laws of 1954, is classified as a class A multiple dwelling and within the provisions of the Multiple Dwelling Law. The plaintiffs occupied one of the apartments in a two-family building, constituting a detached dwelling unit which nevertheless is a part of a garden-type apartment project with over 700 apartments. The plaintiff wife was injured when she slipped on ice while walking on a pathway within this project, which pathway leads from one detached building to another and which also affords a possible means of access to the public walk. Her errand, at the time, was to call for her five-year-old child, who at the time was visiting a neighbor in another building within the project. The credible evidence shows that after a snowfall the defendant cleared a one and one-half foot walk down the center of the pathway, piling snow on either side of the cleared portion. The plaintiff wife testified there was hard-packed snow along the walk after the snow had stopped falling. Her husband described the condition along the walk to be patches of snow and ice ranging from one quarter to three quarters of an inch thick, of varying shapes 6 to 12 inches long, and existing for a period of four days. The weather report in evidence shows there had been no snow or precipitation of any kind for two days before the accident.
Generally speaking, a landlord is not liable for natural accumulations of snow and ice even on portions of the premises in common use by tenants (Dwyer v. Woollard, 205 App. Div. 546), but he has a duty to remove rough and bumpy accumulations of snow and ice, such as hummocks or ridges, in the path of the user of a walk (Harkin v. Crumbie, 20 Misc. 568) and is liable when he creates an artificial hazard (Glassman v. City of New York, 284 App. Div. 1045, affd. 1 N Y 2d 712; Golub v. City of New York, 201 Misc. 866). Also, at common law, patches of snow and ice which remain because of the failure of the landlord to remove all of the snow and ice from the pathway do not make the owner liable if the removal itself did not create the dangerous condition (Kelly v. Rose, 291 N. Y. 611, supra; *742 Hendley v. Daw Drug Co., 293 N. Y. 790; Spicehandler v. City of New York, 303 N. Y. 946). Even if the patches of snow and ice had accumulated after the removal of snow by the owner, this al-one would be insufficient at common law to charge the landlord with liability in the absence of proof that the patches were caused to be placed on the pathway by the landlord’s affirmative conduct (cf. Kolasky v. City of New York, 288 N. Y. 523; Connolly v. Bursch, 149 App. Div. 772; Zysk v. City of New York, 274 App. Div. 915, affd. 300 N. Y. 507; Herrick v. Grand Union, 1 A D 2d, 911; Nelson v. Schultz, 170 Misc. 681, disapproved by the Court of Appeals in Kelly v. Rose, supra, and explained in Golub v. City of New York, supra).
Garden-type maisonette dwelling projects are comparatively new developments and they were made a part of the Multiple Dwelling Law by a statute which, as hereinabove indicated, was enacted as recently as 1954. It may well be that under the common-law rule the defendant would not be liable for the condition which brought about the fall of the plaintiff, but it is unnecessary to consider the effect of the common law upon the situation at hand in view of the fact that the defendant is an owner of a class A multiple dwelling within the provisions of the Multiple Dwelling Law. In the circumstances of this case, I find that the defendant, as owner of a class A multiple dwelling, failed to comply with the requirements of subdivision 1 of section 80 of the Multiple Dwelling Law which provides as follows : ‘ ‘ The owner shall keep all and every part of a multiple dwelling, the lot on which i't is situated, and the roofs, yards, courts, passages, areas or alleys appurtenant thereto, clean and free from vermin, dirt, filth, garbage or other thing or matter dangerous to life or health.”
No ease precisely in point has come to the attention of the court but in interpreting the section to the facts at hand I find the defendant did not properly clear the pathway or prevent it from becoming slippery although it had two days within which to clear it off properly, or at least to spread sufficient salt or other substance so that people could safely walk along it. It thus left the “courts, passages, areas or alleys appurtenant” to the building in which the plaintiff resided encumbered by and not “ free from ” sn-ow and ice, which was a “ thing or matter dangerous to life or health ”. Accordingly, by test of subdivision 1 of section 80, the defendant landlord is clearly negligent.
The plaintiff wife’s claim with reference to the severity of her injuries is not borne out by the credible evidence presented. Neither of the doctors who treated her was in court, and the doctor who examined her for the purpose of testifying at the *743 trial revealed evidence of a pre-existing disease which the court finds accounts for her claimed permanent condition and which is not attributable to the accident. This court feels that the plaintiff wife sustained the burden of proof as to the negligence of the defendant, her freedom from contributory negligence, and her damages, and accordingly awards judgment in favor of the plaintiff wife, Claire Greenstein, in the sum of $600 and in favor of the plaintiff husband in the sum of $150.
All motions on which decision was reserved are denied. Ten days’ stay and 30 days to make a case. The foregoing constitutes the required decision of the court.