FRIEDA H. ARNING, PLAINTIFF, v. GEORGE DRUDING, DEFENDANT.

Submitted March 17, 1921—Decided June 10, 1921.

The sidewalk in front of defendant's property was partly covered with a paved walk, there being a curb along the outer side of the sidewalk and a hedge along the other side; the defendant, after a snowstorm, removed the snow from the stone paving and placed it partly along the curb and partly along the hedge side of the stone walk. During the day the snow melted and the water ran over the stone paving which froze during the night. The plaintiff in passing over this walk was thrown by the ice thus formed and was injured. *Held*, that the act of the defendant was not such an artificial accumulation of snow as to make the defendant liable. *Aull* v. *Lee*, 84 N. J. L. 155, distinguished.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and KATZENBACH.

For the plaintiff, *Harry H. Weinberger.*

For the respondent, *Stanton T. Lawrence.*

The opinion of the court was delivered by

BERGEN, J. Defendant was the owner of a property in Rutherford, in front of which there was a sidewalk. Along one side of the sidewalk was a curb and along the other a hedge and in the centre was a stone pavement. The proofs show that the defendant had caused snow, which had fallen in a storm, to be taken from the stone flagging and piled partly on one side next to the curb and partly on the other side next to the hedge; that this snow melted in the middle of the day and froze at night and that in the morning between half-past eight and nine o'clock the plaintiff, in undertaking to walk along this sidewalk, to her place of business, fell and was seriously injured. The trial court nonsuited the plaintiff, who was allowed a rule to show cause, which she now moves be made absolute.

The single question is whether the removal of the snow from the flagging and placing it on each side was such an artificial accumulation and storage of snow in such a position and under such circumstances as would from natural causes render the adjoining sidewalk dangerous. We do not think so. The situation would be very much like *Aull* v. *Le?*. 84 *N. J. L.* 155, if the snow had been removed from the sidewalk and placed on the lawn for the convenience of the defendant, but that is not the present posture of affairs. The acts of the defendant did not cause any more snow to be accumulated on the sidewalk than had fallen thereon from natural sources, and the Aull case does not apply.

We think the nonsuit was right and that the rule to show cause should be discharged, with costs, and it is so ordered.