## NORVILLE v. HUB FURNITURE CO.

Court of Appeals of District of Columbia. Submitted March 7, 1929. Decided April 1, 1929.

No. 4733.

J. Wm. Tomlinson, of Washington, D. C., for appellant.

Edmund L. Jones, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an action for damages for personal injuries alleged to have been suffered by appellant because of the negligence of appellee. At the close of appellant's testimony the lower court directed a verdict for appellee, and judgment was entered accordingly.

The declaration charged that the appellee company was a mercantile establishment maintaining a store in the city of Washington; that it was the duty of appellee to use proper care to keep the entrances to its store and also the public sidewalk or pavement in front of the store in a safe condition for the ingress and egress of persons having business within the store; but that at the time of the occurrence the appellee negligently permitted the sidewalk in front of the store to have snow, water, ice, and slush upon it, so that it was in a slippery and dangerous condition; and that by reason thereof appellant while leaving appellee's store slipped upon the snow, water, ice and slush, and fell to the pavement, suffering serious bodily injuries for which he prayed judgment in damages.

The plea alleged that at the time of the accident appellee's sidewalks were in good condition and free from snow and ice, and that if appellant fell while walking thereon it was the result of his own negligence and not of any negligence on appellee's part.

The testimony tended to show that on the day before the accident there was an unusually heavy fall of snow, and that at the time of the accident it was cold and windy; that the public sidewalk in front of appellee's store had snow and ice upon it, and the wind was blowing snow from the awnings and canopy upon the front of appellee's building to the sidewalk in front of the entrance to the store; that the awning extended over the sidewalk from a foot and a half to two feet, and the canopy hung over the sidewalk from three and a half to four feet; that appellant upon the occasion in question went into the store on business, and when he came out he took two short steps on the sidewalk, and as he took a third step he slipped upon the ice and snow and fell and slid to the curb, receiving severe injuries. It also appears from appellant's testimony that when he came out of the door he saw the snow blown from the awnings and canopy on to the sidewalk, and that he stepped upon it thereby causing his fall.

We think that these facts do not tend to prove negligence on the part of appellee. The accident happened upon the public pavement in front of appellee's store. It does not appear that there was any defect in the construction of the store building, or any part of it, contributing to appellant's fall. It is stated that snow was blown from the awnings and canopy upon the pavement, but it does not appear that the awnings and canopy were defective in any respect or in any wise unusual in size, location, or other feature. Moreover it appears that appellant saw the snow blown therefrom upon the pavement and stepped upon it, resulting in his fall.

At the trial below the appellant by his counsel expressly stated that he did not base his claim for a recovery upon the so-called "Snow Law" of the District of Columbia; his claim therefore is to be judged according to the rules and principles of the common law. These are well set out in 13 R. C. L. 415, § 341, as follows:

"In the absence of a statutory provision to the contrary, the owner or occupant of property owes no duty to pedestrians to keep the side walk in front of it free from ice and snow coming thereon from natural causes, * * * nor does a storekeeper owe any greater duty in this regard to customers leaving his store than he owes to ordinary pedestrians.

See McGrath v. Misch, 29 R. I. 49, 69 A. 8, 132 Am. St. Rep. 798; Hanley v. Fireproof Bldg. Co., 107 Neb. 544, 186 N. W. 534, 24 A. L. R. 382.

The instant case comes within these principles, for appellant's fall occurred upon the public pavement, and was occasioned by conditions arising from a very severe snowstorm, and not from any default in appellee's conduct or defect in its property.

The judgment of the lower court is affirmed, with costs.