## PESSAGNO v. EUCLID INV. CO., Inc., et al.

### No. 88242.

District Court of the United States for the District of Columbia.

Jan. 16, 1939.

J. Harry Welch and Salvatore E. Leonardo, both of Washington, D. C., for plaintiff.

Henry I. Quinn, of Washington, D. C., for defendant.

COX, Justice.

Plaintiff sues to recover damages for injury sustained from a fall on the pavement of the driveway connecting the front of apartment house 1616 16th Street N. W. with the driveway of 16th Street. The defendant is charged with negligence in failing to exercise proper care to keep the pavement in reasonably safe condition for the use of tenants and their guests.

The accident occurred February 3, 1936 about 9 P. M. Plaintiff had been visiting her sister's apartment and was passing from the front door of the apartment building to a taxicab standing on the pavement of the

driveway when she slipped and fell. The pavement was then ice-covered and ice was continuing to form. The evidence shows that from 7 A. M. until after midnight, snow, sleet, and rain fell continuously in freezing temperature (20 to 25 degrees). Pavements, which had been slippery from early forenoon, became completely coated with ice in the late afternoon and from that time on were increasingly dangerous.

At the close of all the evidence, defendant's motion for a directed verdict was denied and a verdict returned for plaintiff subject, under the new Federal Rule 50, 28 U.S.C.A. following section 723 c, to the opinion of the court.

Defendant now moves to set aside this verdict, or in the alternative for judgment in its favor as upon a directed verdict, on the ground that under the circumstances there was no duty on the defendant to keep the driveway free of ice and hence no negligence on its part to which the fall and injury of the plaintiff can be attributed in law.

The precise question presented does not appear to have been considered by our Court of Appeals. It was held, however, in Norville v. Hub Furniture Co., 59 App. D.C. 29, 30, 32 F.2d 420, that the owner or occupant of property owes no duty to pedestrians to keep the sidewalk in front of it free from ice and snow coming thereon from natural causes; nor does a storekeeper owe any greater duty in this respect to customers leaving his store than he owes to ordinary pedestrians. The Norville Case is followed in Hecht Co. v. Hohensee, 65 App.D.C. 328, 83 F.2d 585. These cases arose from accidents on sidewalks and not on passageways from sidewalks to buildings. The defendant contends, however, the same rule should apply in this case because of the analogy between such passageway and a sidewalk,—i. e. a paved passageway from the sidewalk to the front of a building, like an addition widening a sidewalk to provide convenient access to a building, partakes of the nature of the sidewalk and for practical purposes should be governed by the same rule. And it has been observed that the duty of a landlord with respect to ice forming from natural causes in yards or passageways in common use by tenants would not be greater than the obligation of the municipality relating to ice which forms on sidewalks. Dwyer v. Woollard, 205 App.Div. 546, 199 N.Y.S. 840.

While there is conflict among the decisions, the weight of authority is said to support the rule of no liability on the part of an apartment house owner for accumulations of ice on approaches to the building due entirely to natural causes. 36 C.J. 219, 220; Note 25 A.L.R. 1301. The conflicting views are illustrated in such cases as Woods v. Naumkeag Steam Cotton Co., 134 Mass. 357, 45 Am.Rep. 344, and Bell v. Siegel, 242 Mass. 380, 136 N.E. 109, 25 A.L.R. 1261, on one side, and Reardon v. Shimelman, 102 Conn. 383, 128 A. 705, 39 A.L.R. 287, on the other.

· In the present case, however, the happening of the accident while the storm was in progress and at its height would seem to be a material factor distinguishing this case from those relied on by the plaintiff. Very few cases presenting this factor have been cited or found, but the opinion of Judge Peckham in Kelly v. Manhattan Ry. Co., 112 N.Y. 443, 20 N.E. 383, 3 L.R.A. 74, presents a complete and satisfactory discussion. In that case the plaintiff's intestate fell and was injured in descending a stairway of a railway station about 5:30 A. M. There had been a storm of sleet and snow commencing about midnight and continuing until about 3:30 A. M. Motion for nonsuit was denied by the lower court and the jury charged that if they came to the conclusion that the steps were slippery at the time and that in the exercise of the highest degree of human care and foresight means might have been taken to prevent their being so, and, if by reason of the slipperiness the deceased fell, defendant was chargeable with negligence. The Court of Appeals, reversing the judgment, held that the defendant was required to use only ordinary care in view of the dangers to be apprehended; that it could not be properly charged with negligence for failure to remove the ice or to throw ashes, sawdust or something of that character on the steps during the storm or between the time of its stopping and the happening of the accident; and that the motion for nonsuit should have been granted. It was considered that the presence of snow or ice on the exposed place was the "accident of an hour", unavoidable by ordinary diligence in the presence of the storm, and a matter open and obvious to all alike.

This decision in the Kelly Case was followed in Bressler v. Rule Realty Co., 219 App.Div. 529, 220 N.Y.S. 461, affirmed 248 N.Y. 619, 162 N.E. 548. There, as here,

the plaintiff slipped and fell on an approach or passageway while snow was still falling and ice forming in freezing temperature. It was held that the apartment house owner was not negligent in failing to keep the ice removed as it formed, or to cover it with ashes, sawdust, or sand, and the judgment recovered by the plaintiff below was reversed.

The verdict and judgment for plaintiff are set aside and judgment will be entered for the defendant as upon a verdict directed in its favor.