### PESSAGNO v. EUCLID INV. CO., Inc.
### No. 88242.

District Court of the United States for the District of Columbia.

Nov. 4, 1940.

744

J. Harry Welch, of Washington, D. C., for plaintiff.

Henry I. Quinn, of Washington, D. C., for defendant.

LAWS, Associate Justice.

This case was heard before me upon a motion for a new trial filed November 16, 1938. It was submitted to me, instead of the trial Justice, because of the death of the latter since the said motion was filed. Before his death the trial Justice had granted an alternative motion, filed as part of this motion for a new trial, to set aside a verdict and judgment in favor of the plaintiff and to enter a judgment in favor of the defendant, because he concluded the facts adduced by the plaintiff did not make out a legal cause of action. D.C., 25 F.Supp. 896. This judgment of the Court was reversed by the United States Court of Appeals for the District of Columbia, 112 F.2d 577, which by its mandate filed herein on July 23, 1940, remanded the case to this Court, with instructions to reinstate the verdict and pass upon the alternative motion for a new trial.

There is statutory authority under certain conditions for a Judge other than the one who tried the case to pass upon the motion for a new trial in the event of the death of the trial Judge. Such authority reads in part as follows: " * * * in case the judge before whom the cause has heretofore been or may hereafter be tried is, by reason of death, sickness, or other disability, unable to hear and pass upon the motion for a new trial and allow and sign said bill of exceptions, then the judge who succeeds such trial judge, or any other judge of the court in which the cause was tried, holding such court thereafter, if the evidence in such cause has been or is taken in stenographic notes, or if the said judge is satisfied by any other means that he can pass upon such motion and allow a true bill of exceptions, shall pass upon said motion and allow and sign such bill of exceptions; and his ruling upon such motion and allowance and signing of such bill of exceptions shall be as valid as if such ruling and allowance and signing of such bill of exceptions had been made by the judge before whom such cause was tried; but in case said judge is satisfied that owing to the fact that he did not preside at the trial, or for any other cause, that he can not fairly pass upon said motion, and allow and sign said bill of exceptions, then he may in his discretion grant a new trial to the party moving therefor." 28 U.S.C.A. § 776.

At the oral hearing of the motion for a new trial counsel stipulated that I might consider a transcript of record filed in the United States Court of Appeals for the District of Columbia upon the appeal of this case above referred to and upon the reading of such transcript I find what appears to me is a sufficient statement of the character of the evidence to permit me to pass upon the motion. There is no record of the charge made by the Court to the jury, but there is no point made by the pending motion for a new trial with regard to the charge of the Court and, therefore, it does not seem to be necessary that I should have a knowledge of the nature of what charge was given.

The first and second reasons urged in support of the pending motion for a new trial appear to have been disposed of by the decision of this case by the United States Court of Appeals. These reasons relate to the sufficiency of the testimony to make out a case of negligence as a matter of law. It, therefore, seems the only point which I am called upon to consider in passing upon the motion for a new trial is that it is claimed to be apparent "from the verdict of the jury that it was swayed purely by sympathy for the plaintiff and ignored the evidence in the case." In support of this position, it is claimed that admittedly the plaintiff suffered severe injuries as a result of the accident sustained and that if a recovery should have been allowed, it necessarily should have been for an amount in excess of the undisputed testimony as to actual disbursements in the sum of $2,900. In addition, it is claimed that, as shown by the transcript of record, after the jury had retired to consider its verdict and had been giving it consideration for nearly three-quarters of an hour, a pencilled memorandum was submitted to the Court asking the question "After we allow for the actual damages, do we then consider anything further?"; that the trial Court thereafter called in the jury and repeated practically his entire original charge to the jury; that thereupon a member of the jury arose and asked a question that if a finding was made

for the plaintiff, was this the type of case where punitive damages should be awarded, in response to which the Judge replied no punitive damages were asked for or could be given. The transcript of record further shows that after about fifteen minutes further consideration the jury returned with a verdict in the sum of $2,900. From these circumstances, counsel for the defendant draws the inference that had the jury not based its verdict upon sympathy, it would have awarded an amount far greater than the actual out of pocket expenses. I do not find that this inference necessarily follows from the circumstances related. The circumstances seem to me to be quite as consistent with the inference that sympathy was shown to the defendant. Yet no complaint is made by the plaintiff as to inadequacy of the verdict; on the other hand plaintiff by opposing the granting of the motion for a new trial puts herself in the position of being satisfied. I feel she is the sole party who has the right to complain.

The motion for a new trial accordingly is overruled.