**DISTRICT OF COLUMBIA, Appellant,**

v.

**Robert H. McNEILL, Appellee.**

**Robert H. McNEILL, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**Nos. 18569, 18570.**

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 19, 1965.

Decided Feb. 18, 1965.

Mr. Wesley E. McDonald, Washington, D. C., with whom Messrs. B. Austin Newton, Jr., and Thomas A. Farrell, Washington, D. C., were on the brief, for appellant in No. 18570 and appellee in No. 18569.

Mr. Ted. D. Kuemmerling, Asst. Corp. Counsel, with whom Messrs. Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellant in No. 18569 and appellee in No. 18570.

Before DANAHER, WRIGHT and McGOWAN, Circuit Judges.

DANAHER, Circuit Judge.

McNeill on December 12, 1960 fell and was injured due, as he alleged, to the District's negligent failure to remove snow and ice from a crosswalk at 15th and H Streets in downtown Washington. The jury returned a verdict for the District.

*No. 18569*

On this appeal the District advances two claims that the District Court erred in refusing to direct a verdict in its favor. First, it is argued that the District was entitled as a matter of law to prevail in that the allegedly dangerous condition had not "remained for a period of time sufficient to give rise to a con-

structive notice to the municipal authorities and [that there had not been] an opportunity for them to remedy it * * *." [1] The District points to the magnitude of its problem in meeting the safety demands of the municipal area where snow and sleet had been falling for some 27 hours with a cessation of the storm only 3½ hours before McNeill had fallen. Next, the District claims the trier erred in failing to direct a verdict because of contributory negligence on the part of an 83-year-old man who had taken inadequate precautions for his own safety and who had placed himself in a position of peril. The District as a further factor points out that instead of wearing overshoes or galoshes, Mr. McNeill had tramped through heavy accumulations of snow and ice wearing "an ordinary pair of shoes."

In weighing such claims we have carefully examined the record and have considered the cases cited to us. We are satisfied that the trial judge correctly perceived the existence of factual issues respecting both of the District's contentions. There was no error in permitting the case to go to the jury.

### No. 18570

Such facts as have been mentioned relate substantially to the points relied upon in Mr. McNeill's appeal. He complains particularly that the trier should have limited more specifically to the intersection of 15th and H Streets, the testimony of the District's Deputy Superintendent in charge of snow removal. The latter had explained that snow and sleet had fallen, with a total accumulation of 8.5 inches, between 9 A.M. on December 11 and noon on December 12. In the "downtown" area, he said, some 828 men, 99 jet sanders and 212 plow trucks had been at work in sanding, snow plowing and snow removal. Some 7,500 city intersections and many hundreds of miles of streets and sidewalks come within the scope of the services rendered by his crews as the result of snow storms. During and after the storm here considered, "better than 1,500, close to 2,000 men" had been "working on the storm."

Questions which resulted in statements as to what "would" be done as distinguished from what actually was done were objected to by Mr. McNeill's counsel. The trial judge undertook to limit the answers. He specified that the testimony was to be directed to the removal plan "that was in operation and what was done at Fifteenth and H Street, Northwest. That is what we want to find out." The witness testified thereafter that he had no personal recollection of the condition of the intersection here involved, and that no records are kept as to every intersection which is cleared or sanded.

On cross-examination, Mr. McNeill's counsel caused the District's witness to reemphasize his assertions that he had only reports as to the work performed by his crews and that he had no personal knowledge of the conditions at the intersection involved.

Thus the issues went to the jury. We can not doubt that the respective claims of the parties were fully argued. The case could have gone either way on the contributory negligence issue. Quite apart on that score, the jury also could have decided with substantial support in the record,[2] that the District had acted with reasonable diligence in view of the severity of the storm and the short lapse

1. See Smith v. District of Columbia, 89 U.S.App.D.C. 7, 11, 189 F.2d 671, 675 (1951).

2. In Aben v. District of Columbia, 95 U.S. App.D.C. 237, 221 F.2d 110 (1955), on a "notice" issue, the plaintiff had relied upon certain weather reports. We noted that the same reports tended to show that by the time of the fall, only a trace of unmelted snow remained. Here, however, the District's evidence clearly demonstrated full knowledge of the severity of the storm; indeed the District contended it had been doing everything reasonably possible in the light of conditions.

of time between the cessation of the snowfall and the time of the injury.[3]

No exceptions were taken to the instructions as given and no error having appeared, the judgment is

Affirmed.

---

3. Smith v. District of Columbia, 89 U.S. App.D.C. 7, 189 F.2d 671 (1951); cf. Campbell v. District of Columbia, 100

U.S.App.D.C. 120, 125, 243 F.2d 226, 231 (1957).