**John BURKE and Margaret M. Burke, Appellants,**

v.

**UPLAND TERRACE, INC., and District of Columbia, Appellees.**

**No. 19176.**

United States Court of Appeals District of Columbia Circuit.

Argued June 10, 1965.

Decided June 30, 1965.

Mr. Robert L. Ellis, Arlington, Va., with whom Messrs. Anthony J. Siciliano and John J. Daly, Arlington, Va., were on the brief, for appellants.

Mr. Laurence T. Scott, Washington, D. C., for appellee, Upland Terrace, Inc.

Mr. David P. Sutton, Asst. Corporation Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, were on the brief, for appellee, District of Columbia.

Before BAZELON, Chief Judge, and FAHY and LEVENTHAL, Circuit Judges.

PER CURIAM.

This appeal is from a judgment of the District Court on a verdict directed in favor of the defendants, appellees, at the conclusion of the case in chief of plaintiffs, appellants. Their suit was for damages attributed to injuries to the female plaintiff suffered in a fall on an icy sidewalk in front of property owned by Upland Terrace, Inc. Within the principles governing the liability of the municipality in such cases,[1] and that of

---

[1] Smith v. District of Columbia, 89 U.S. App.D.C. 7, 189 F.2d 671; Lyons v. District of Columbia, 93 U.S.App.D.C. 278, 214 F.2d 203; Campbell v. District of Columbia, 100 U.S.App.D.C. 120, 243 F.2d 226; see District of Columbia v. Nordstrom, 117 U.S.App.D.C. 165, 327 F.2d 863; cf. District of Columbia v. McNeill, 120 U.S.App.D.C. ——, 344 F.2d 195.

the property owner,[2] we agree with the District Court that the plaintiffs' evidence failed to make out a case warranting submission to the jury of the issues of liability.

Affirmed.

LEVENTHAL, Circuit Judge, took no part in the consideration and decision in this case.

2.  Hecht Co. v. Hohensee, 65 App.D.C. 328. 83 F.2d 585, where it is said:
    In Norville v. Hub Furniture Co., 59 App.D.C. 29, 32 F.2d 420, we held that, in the absence of statutory provision to the contrary, the owner or occupant of property owes no duty to pedestrians to keep the sidewalk in front of it free from ice and snow coming thereon from natural causes * * *.