**Louis B. BERMAN et al., Appellants,**

v.

**Melvin GELMAN.**

**No. 24070.**

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 5, 1970.

Decided Dec. 14, 1970.

Mr. Robert Anthony Jacques, Rockville, Md., for appellants. Mr. William J. Donnelly, Washington, D. C., also entered an appearance for appellants.

Mr. Edward C. Donahue, Rockville, Md., with whom Mr. E. Gwinn Miller, Rockville, Md., was on the brief, for appellee.

Before FAHY, Senior Circuit Judge, and LEVENTHAL and ROBB, Circuit Judges.

PER CURIAM:

The complaint alleges: Plaintiff made a business call at the Beauty Salon in Cathedral Towers Apartments. He parked his auto on New Mexico Avenue and entered and left by the side entrance on New Mexico, the walking entrance being on Cathedral Avenue. Plaintiff determined that the entire sidewalk abutting the New Mexico Avenue side of the building was slippery and covered with ice, and hence decided to reach his auto by walking over the grass and reducing the amount of walking on the New Mexico Avenue sidewalk. He was injured about 9:30 a. m. on January 29, 1969, because of defendant's negligence in permitting an accumula-

tion on the sidewalk of ice and sleet that had fallen during the night.

On motion to dismiss defendant argued that the common law rule puts no duty on the owner or occupant of property to keep the sidewalk in front of the property free from ice and snow of natural causes.

Plaintiff rests his appeal from an order granting defendant's motion on the contention that this court should reconsider its line of decisions concerning the duty of an adjoining land owner to a pedestrian using an abutting public sidewalk; Norville v. Hub Furniture Co., 59 App.D.C. 29, 32 F.2d 420 (1929); Hecht Co. v. Hohensee, 65 App.D.C. 328, 83 F.2d 585 (1936); Radinsky v. Ellis, 83 U.S.App.D.C. 172, 167 F.2d 745 (1948); Burke v. Upland Terrace, Inc., 121 U.S.App.D.C. 133, 348 F.2d 362 (1965); and should define a duty of the property owner in the case of invitees to the premises. Plaintiff contends the sound rule of common law was properly stated in Robinson v. Park Central Apartments, 248 F.Supp. 632 (D.D.C.1965), where Judge Holtzoff declared that the rule requiring the owner of a multiple dwelling to provide a safe means of ingress and egress includes the portion of the public sidewalk immediately adjoining or abutting the entrance to private property.

While the case before us is on motion to dismiss, we think it is apparent from the complaint that the facts of this case do not present an appropriate vehicle for undertaking the kind of broad reconsideration of the common law that is sought by the plaintiff.[1]

The case is properly disposed of by reference to the common law rule that there is no general duty on a person in control of property to clear snow and ice from the entire public right of way in front of the property. The duty established by statute is not operative until eight hours of daylight after the snow or sleet ceases to fall.[2]

Assuming without deciding that the *Robinson* approach is sound and that there is a basis at common law for establishing a broader duty to invitees in the case of sidewalks abutting or adjoining points designated for ingress and egress into multiple dwelling apartments, in this case the mishap did not occur at such a point.

Affirmed.

son in charge of land "fronting or abutting on a paved sidewalk * * * to remove and clear away * * * such snow or sleet from so much of said sidewalk as is in front of or abuts on said building or lot of land."

---

1. The injury did not occur on a sidewalk abutting or in front of a designated entrance. Also, the mishap occurred relatively early in the day.

2. D.C.Code § 7–801 provides that after this period it is the duty of every per-