**Myra ALBERTIE, Appellant,**

v.

**LOUIS & ALEXANDER CORPORATION, et al., Appellees.**

**No. 93–CV–136.**

District of Columbia Court of Appeals.

Submitted June 14, 1994.

Decided Aug. 25, 1994.

---

Robert C. Freed, Washington, DC, filed a brief for appellant.

Melvin R. Wright and Elisa A. Eisenberg, Washington, DC, filed a brief for appellee Louis & Alexander Corp.

Before WAGNER, Chief Judge, SCHWELB, Associate Judge, and GALLAGHER, Senior Judge.

SCHWELB, Associate Judge:

This appeal arises from an action for personal injuries allegedly suffered by appellant Myra Albertie when she fell on snow and ice on the sidewalk adjacent to a Burger King restaurant in northwest Washington, D.C. The trial judge granted summary judgment in favor of the operators of the restaurant (Louis & Alexander Corporation) and the owners of the real property on which the restaurant was located (Gartenhaus Associates), concluding that the defendants owed Ms. Albertie no duty of care at common law or under the District's snow removal statute, D.C.Code §§ 7-901 et seq. (1989).[1]

On appeal, Ms. Albertie's primary contention is that the snow removal statute imposed a duty upon the defendants vis-a-vis Burger King customers to clear away the snow on the sidewalk adjacent to the restaurant. That statute, however, expressly authorizes enforcement by the Corporation Counsel, but makes no provision for a private right of action. Under these circumstances, and in light of persuasive precedent in this jurisdiction, we cannot agree with Ms. Albertie's position.

Ms. Albertie also claims in her brief that the defendants negligently increased the risk of injury to Burger King customers by clearing away the snow but failing to spread sand

---

1. All references in this opinion to the District of Columbia Code are to the 1989 Replacement Volume.

on the sidewalk after it had been cleared, and that this failure proximately caused her injuries. This contention, however, was not raised in the trial court or addressed by the trial judge, and we perceive no plain error on the part of the judge in failing to rule in Ms. Albertie's favor on his own initiative on the basis of a theory not advanced to him. Accordingly, we affirm.

## I.

The record before the trial court, viewed (as it must be) in the light most favorable to Ms. Albertie, *See Clyburn v. 1411 K St., Ltd. Partnership,* 628 A.2d 1015, 1017 (D.C.1993), discloses that there was a snowstorm in the Washington, D.C. area on January 22, 1987, and during the night that followed, and that approximately eleven inches of snow fell on the city. There was no further accumulation after 6:00 a.m. on January 23, 1987.

At approximately 5:45 p.m. on January 23, Ms. Albertie, who had been shopping at a nearby Safeway supermarket, decided to make a purchase at the Burger King. She walked along a narrow path that had apparently been shovelled along the sidewalk in front of the restaurant. There were, however, patches of ice in the cleared area. Ms. Albertie claimed that she was being "extremely careful to prevent my falling." Nevertheless, she slipped, fell, broke her ankle, and suffered "excruciating pain." Ms. Albertie filed a timely suit against both Louis & Alexander and Gartenhaus.

Louis & Alexander filed a motion for summary judgment, which the trial judge granted in a three-page written order. Gartenhaus subsequently joined the motion, and the judge also granted summary judgment to that defendant. This appeal followed.

## II.

■ We think it beyond dispute that Ms. Albertie had no right of action at common law against either defendant for failing to clear the snow. In *Norville v. Hub Furniture Co.,* 59 App.D.C. 29, 32 F.2d 420 (1929), the court stated the applicable "rules and principles of the common law" as follows:

In the absence of a statutory provision to the contrary, the owner or occupant of property owes no duty to pedestrians to keep the side walk in front of it free from ice and snow coming thereon from natural causes, ... nor does a storekeeper owe any greater duty in this regard to customers leaving his store than he owes to ordinary pedestrians.

*Id.* at 30, 32 F.2d at 421 (citations omitted); *accord, Hecht Co. v. Hohensee,* 65 App.D.C. 328, 329, 83 F.2d 585, 586 (1936); *Radinsky v. Ellis,* 83 U.S.App.D.C. 172, 167 F.2d 745 (1948). As the court explained in *Radinsky,* this is because sidewalks in the District of Columbia

are publicly owned, and are controlled exclusively by the municipal authorities of the District. It is, therefore, primarily the duty of the local government to keep its sidewalks in a reasonably safe condition after a snowfall.

*Id.* (footnote omitted).

■ Ms. Albertie does not directly challenge the proposition that her principal claim would be barred at common law, but relies instead on the snow removal statute, D.C.Code §§ 7–901 to 7–906. The first section of that legislation provides as follows:

It shall be the duty of every person, partnership, corporation, joint-stock company, or syndicate in charge or control of any building or lot of land within the fire limits of the District of Columbia, fronting or abutting on a paved sidewalk, whether as owner, tenant, occupant, lessee, or otherwise, within the first 8 hours of daylight after the ceasing to fall of any snow or sleet, to remove and clear away, or cause to be removed and cleared away, such snow or sleet from so much of said sidewalk as is in front of or abuts on said building or lot of land.

*Id.,* § 7–901. The legislation does not include any provision authorizing enforcement by a private action for damages. Section 7–906, on the other hand, authorizes and di-

rects the Corporation Counsel to enforce the statute.[2]

We decline, under these circumstances, to read a private right of action into the snow removal law. As we recently reiterated in *Brantley v. District of Columbia*, 640 A.2d 181 (D.C.1994),

> where a statute [or regulation] expressly provides a particular remedy, a court must be chary of reading others into it. Where, as here, the legislature has specified the relief which is appropriate to redress a violation, courts are not authorized to devise different (and in this case far more drastic) remedies: *expressio unius est exclusio alterius.*

*Id.* at 184 (citations and internal quotation marks omitted).

Moreover, there is precedent in this jurisdiction which strongly supports the conclusion that Ms. Albertie has no right of action under D.C.Code § 7–901. In *Radinsky,* a suit brought on behalf of a schoolboy who had slipped on an icy sidewalk outside the defendant's apartment house, the court concluded that the snow removal law imposed no obligation on property owners vis-a-vis pedestrians. The court described such legislation as "an attempt on the part of the municipality to shift to the shoulders of individual citizens the burden which it is primarily incumbent on itself to bear," 83 U.S.App. at 173, 167 F.2d at 746 (citing *McGuire v. District of Columbia*, 24 App.D.C. 22, 28 (1904)), and adverted to the provision in the statute for enforcement by the Corporation Counsel. *Id.* The court went on to state that

> it is uniformly held that an ordinance requiring lot owners to keep the sidewalks free from snow and ice, and imposing a penalty for neglect or failure to do so, does not relieve the municipality of this primary duty with respect to the safety of its public streets, and *does not impose a civil liability on the lot owner in favor of a third person injured by reason of its violation.*

83 U.S.App.D.C. at 173 n. 6, 167 F.2d 745 n. 6 (emphasis added) (quoting Annotation, *Statute or ordinance requiring abutting owner to remove snow and ice from sidewalk as affecting liability for injuries,* 24 A.L.R. 387, 388 (1923)).[3]

Because the plaintiff in *Radinsky* was a pedestrian and not an invitee, the present case could arguably be distinguished from *Radinsky* upon that ground. We note, however, that the language italicized above from the court's opinion in *Radinsky* was broad enough to reach this case—the court spoke of injured third persons, and not merely of injured pedestrians—and its reasoning appears to apply to pedestrians and invitees alike. Accordingly, although the question whether a customer of a store was protected by the snow removal law was not before the court in *Radinsky,* the decision in that case would evidently have been the same even if the plaintiff had been a customer, rather than a pedestrian.[4]

**2.** Section 7–906 provides as follows:
> The Corporation Counsel is hereby directed and authorized to sue for and recover from such person, partnership, corporation, joint-stock company, or syndicate, the amount of such expense in the name of the District of Columbia, together with a penalty not exceeding $25 for each offense, with costs, and when so recovered the amount shall be deposited to the credit of the District of Columbia.

**3.** The cited annotation has since been superseded by a similarly titled annotation, 82 A.L.R.2d 998 (1962). The superseding annotation, which cites *Radinsky,* discloses that the basic rule remains the same, except arguably in West Virginia. *Id.* at 1004; *see Rich v. Rosenshine,* 131 W.Va. 30, 45 S.E.2d 499 (1947). *See also* 6 EUGENE McQUILLIN, THE LAW OF MUNICIPAL CORPORATIONS § 22.12, at 417 (3d ed. 1988):
> The violation of an ordinance requiring abutting owners of property fronting on a street to

remove ice and snow from the walks in front of their premises does not constitute actionable negligence and is not sufficient evidence of negligence to entitle the plaintiff to recover in a suit for damages against the owner of the property for injuries received from a fall on the sidewalk, although there is authority to the contrary.

(Footnotes omitted). As in the case of the superseding annotation, the only "authority to the contrary" cited by McQUILLIN is from West Virginia.

**4.** Counsel for Louis & Alexander contend that *Norville* and *Hecht Co. v. Hohensee* also constitute binding precedent in their favor. *See M.A.P. v. Ryan,* 285 A.2d 310, 312 (D.C.1971). This contention is erroneous. In *Norville,* "the appellant by his counsel expressly stated that he did not base his claim for a recovery upon the so-called 'Snow Law' of the District of Columbia," and the court therefore decided the case on the

Ms. Albertie relies on *Reichman v. Franklin Simon Corp.*, 392 A.2d 9 (D.C.1978), but notwithstanding the presence of troublesome dictum in that opinion, the decision does not support reversal. In *Reichman*, a pedestrian was injured as a result of a fall on an icy sidewalk adjacent to the defendant's store. She sued the store owner for damages pursuant to the provisions of the snow removal statute. In affirming an order granting summary judgment in favor of the defendant, the court stated:

> District of Columbia law unquestionably requires a property owner to clear abutting sidewalks. However, a real property owner is under no duty to keep the sidewalk abutting its property clear of snow and ice for the benefit of pedestrians, *except as to invitees, a status which appellant Helene Reichman does not claim.* Robinson v. Park Central Apartments, 248 F.Supp. 632, 634 (D.D.C.1965). *See Radinsky v. Ellis*, 83 U.S.App.D.C. 172, 173, 167 F.2d 745, 746 (1948).

*Id.* at 13–14 (emphasis added; footnote omitted).

Ms. Albertie seizes on the emphasized words in the foregoing passage, but the language in question was not a part of the court's holding. As the court itself noted in *Reichman*, the plaintiff in that case was a pedestrian, not an invitee. The question whether an invitee could recover in some hypothetical situation was therefore not before the court. The brief remark in the opinion concerning that issue constituted "a statement not addressed to the question before the court or necessary for its decision." *United States v. Crawley*, 837 F.2d 291, 292 (7th Cir.1988) (quoting *American Family Mut. Ins. Co. v. Shannon*, 120 Wis.2d 560, 356 N.W.2d 175, 178 (1984)). It was therefore dictum.

Language in an opinion which "constitute[s] obiter dictum, entirely unnecessary for the decision of the case ... [has] no effect as indicating the law of the District." *Noel v. Olds*, 78 U.S.App.D.C. 155, 160, 138

F.2d 581, 586 (1943), *cert. denied,* 321 U.S. 773, 64 S.Ct. 611, 88 L.Ed. 1067 (1944). "[N]othing in *M.A.P. v. Ryan,* [*supra* note [4]] or otherwise, requires a division of this court to follow [it]." *Punch v. United States,* 377 A.2d 1353, 1360 (D.C.1977), *cert. denied,* 435 U.S. 955, 98 S.Ct. 1586, 55 L.Ed.2d 806 (1978). Writing for the court in *Crawley,* Judge Posner enumerated some of the reasons which militate against giving weight to dictum:

> There are many. One is that the passage was unnecessary to the outcome of the earlier case and therefore perhaps not as fully considered as it would have been if it were essential to the outcome. A closely related reason is that the passage was not an integral part of the earlier opinion—it can be sloughed off without damaging the analytical structure of the opinion, and so it was a redundant part of that opinion and, again, may not have been fully considered. Still another reason is that the passage was not grounded in the facts of the case and the judges may therefore have lacked an adequate experiential basis for it; another, that the issue addressed in the passage was not presented as an issue, hence was not refined by the fires of adversary presentation. All these are reasons for thinking that a particular passage was not a fully measured judicial pronouncement....

*Crawley,* 837 F.2d at 292–93.

In the present instance, the brief dictum in *Reichman* regarding the rights of invitees is not supported by the authorities to which that opinion refers us. The court first cited *Robinson v. Park Central Apartments, supra,* a decision by the United States District Court on which Ms. Albertie also seeks to rely. *Robinson,* however, involved a *landlord's* liability to a *tenant* who had fallen on the ice which covered the sidewalk and private walkway just outside the entrance to the defendant's apartment house. The court's decision was predicated on a landlord's duty to provide reasonably safe "ingress" and

---

basis of common law principles. 59 U.S.App.D.C. at 30, 32 F.2d at 421. In *Hohensee,* the snow removal statute was not mentioned at all in the opinion of the court. These decisions therefore have no precedential significance with respect to the proper construction of the legislation on which Ms. Albertie has predicated her suit.

"egress" to his building for his tenants and their guests. *Robinson,* 248 F.Supp. at 634.[5] The snow removal statute was not discussed or even mentioned in the court's opinion. *Robinson,* therefore, constitutes no precedent whatever for any interpretation of that statute.

The other decision cited by the court in *Reichman* in support of its dictum relating to invitees was *Radinsky.* In *Radinsky,* however, as we have previously noted, the court stated that snow removal statutes do not impose civil liability against owners of real estate "in favor of a *third person* injured by reason of [the owner's] violation." 83 U.S.App.D.C. at 173 n. 6, 167 F.2d at 746 n. 6 (emphasis added). *Radinsky* thus lends no support to the dictum in *Reichman* that an invitee may invoke the snow removal statute; on the contrary, *Radinsky* supports, and its reasoning compels, the opposite conclusion. Accordingly, we agree with the trial judge's holding that Ms. Albertie has no right of action against the appellees under D.C.Code § 7–901.[6]

### III.

▆▆ Ms. Albertie testified at her deposition that after she fell on the ice, she was carried into the restaurant. There, a young female who was collecting information about the accident remarked to one of the managers that "I told you you should have put some sand on that sidewalk." On the basis of this conversation, Ms. Albertie asks us to infer that employees of the Burger King must have cleared the sidewalk of snow, and that they had increased the danger to patrons by not spreading sand on any remaining ice. She seeks to invoke the rule that a real property owner may be found liable if it acts in any manner to increase the hazard created by snow or ice accumulated on

5. The court relied on *Pessagno v. Euclid Investment Co.,* 72 App.D.C. 141, 112 F.2d 577 (1940), a landlord-tenant case which likewise did not involve the snow removal law.

6. In further support of our conclusion, we note again that in *Norville,* the court held that a storeowner owes no greater duty to customers than to pedestrians in relation to the removal of snow from the sidewalk. 59 App.D.C. at 30, 32 F.2d at 42. The snow removal statute is silent

an abutting public sidewalk and such action proximately causes plaintiff's injury.

*Reichman, supra,* 392 A.2d at 14 (citing *Hecht Co. v. Hohensee, supra,* 65 App.D.C. at 329, 83 F.2d at 586).

Ms. Albertie did not raise this issue in the trial court. The point was similarly omitted from her opposition to Louis & Alexander's motion for summary judgment. There was likewise no reference in Ms. Albertie's Statement of Material Facts to the conversation which she claims to have overheard inside the restaurant. Unsurprisingly, the judge did not address the issue in his written order granting Louis & Alexander's motion.

Where an issue is raised for the first time on appeal, we will reverse only "where it is apparent from the face of the record that a miscarriage of justice has occurred." *Weisman v. Middleton,* 390 A.2d 996, 1000 (D.C. 1978) (citations and internal quotation marks omitted); *see also D.D. v. M.T.,* 550 A.2d 37, 48 (D.C.1988). This is essentially the language of "plain error." *See District of Columbia v. Wical Ltd. Partnership,* 630 A.2d 174, 182–83 (D.C.1993). Aside from the requirement of a miscarriage of justice, plain error must be "clear" or "obvious." *United States v. Olano,* —— U.S. ——, ——, 113 S.Ct. 1770, 1777, 123 L.Ed.2d 508 (1993); *District of Columbia v. Banks,* 646 A.2d 972, 978 (D.C.1994).

Ms. Albertie has not met the exacting burden imposed on her by the authorities cited above. It is not clear or obvious that the conversation which she overheard would be admissible, for it is questionable whether the speaker's alleged "admission" could bind the defendants. *See, e.g., Pratt v. District of Columbia,* 407 A.2d 612, 616 (D.C.1979).[7]

with respect to customers and pedestrians, and we discern no sound reason for concluding that this legislation effected some unarticulated differential as between the two categories of prospective plaintiffs.

7. Ms. Albertie's brief in this court describes the person who allegedly made the remark as a "manager," but her deposition testimony on the subject is lacking in clarity.

Moreover, there is no direct evidence as to who cleared away the snow from the sidewalk, nor is it apparent that the shovelling made the sidewalk more dangerous. *Cf. Hecht Co. v. Hohensee, supra,* in which the court, quoting *Mahoney v. Perreault,* 275 Mass. 251, 175 N.E. 467, 468 (1931), stated that

> [a] landowner cannot be held liable if he shovels snow from the sidewalk in front of his premises upon the space between the outer edge of the walk and the curb and it melts and runs over the walk and thereafter ice is formed.

*Hecht Co. v. Hohensee,* 65 App.D.C. at 330, 83 F.2d at 586.

We express no opinion as to whether the award of summary judgment to the defendants could be sustained if the question based on the alleged conversation between Burger King employees inside the restaurant had been presented to the trial court. We hold, however, that there was no miscarriage of justice requiring the trial judge to intervene, *sua sponte, cf. Irick v. United States,* 565 A.2d 26, 33 (D.C.1989), or warranting reversal of the judgment when the issue was raised for the first time on appeal.

### IV.

For the foregoing reasons, the judgment is hereby

*Affirmed.*