**NORTHBROOK INSURANCE COMPANY, Appellant,**

v.

**UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellee.**

No. 92–CV–641.

District of Columbia Court of Appeals.

Argued May 20, 1993.
Decided June 24, 1993.

---

Paul H. Ethridge, Rockville, MD, for appellant. Thomas Patrick Ryan, Rockville, MD, filed a brief.

David F. Grimaldi, Washington, DC, for appellee.

Before TERRY and SCHWELB, Associate Judges, and BELSON, Senior Judge.

SCHWELB, Associate Judge:

This appeal requires us to resolve a controversy between two insurance companies regarding their respective responsibilities in connection with an automobile accident caused by the negligence of the operator of a rented vehicle. We affirm the trial court's holding, on cross-motions for summary judgment, that the rental company's insurer is solely responsible for compensating the driver of the other vehicle for his injuries (and the driver's wife for alleged loss of consortium), and that the company which insured the individual who rented the car (but who was not operating it at the time of the accident) has no liability.

## I.

### THE CONTROVERSY

Almost eight years ago, on July 26, 1985, Mlle. Maria Claudel, a resident of France, was operating a car which Major Carl McCarden, a resident of St. Croix, V.I., had rented in Falls Church, Virginia from Adjusters Auto Rental, Inc. (Adjusters), d/b/a Jiffy Auto Rental. As she approached a traffic light on Massachusetts Avenue in northwest Washington, D.C., Mlle. Claudel "had a blank" and her foot slipped off the brake. The vehicle, which was equipped with an automatic transmission, rear-ended a truck which was being operated by Mitchell Goodrum, a resident of Maryland.

Goodrum suffered serious injuries to his back, and he and his wife promptly filed a suit in the United States District Court for the District of Columbia, based on diversity of citizenship, against McCarden, Mlle. Claudel, and Adjusters. The Goodrums moved for partial summary judgment as to liability. On December 19, 1988, a federal district judge granted the motion, holding that the accident was caused by Mlle. Claudel's negligence and that she was operating the vehicle with the consent of Major McCarden and Adjusters. *Goodrum v. McCarden, et al.*, C.A. No. 85–3396 SSH

(D.D.C. Dec. 20, 1988). The case was subsequently settled for $125,000.

Adjusters was insured by appellant Northbrook Insurance Company. So far as the record shows, Mlle. Claudel had no relevant insurance. McCarden had several policies with appellee United Services Automobile Association (USAA). Northbrook paid $25,000 towards the settlement; USAA paid $100,000. It was agreed between Adjusters, Northbrook and USAA that any applicable insurance coverage dispute between these parties would be decided in an action for a declaratory judgment.

On March 25, 1992, USAA filed the present action against Northbrook and Adjusters.[1] The facts were largely undisputed. Northbrook and USAA each filed a motion for summary judgment. The trial judge granted USAA's motion and denied Northbrook's. This appeal followed.

## II.

### THE APPLICABLE LEGAL STANDARD

■ In reviewing an order granting or denying a motion for summary judgment, this court "appl[ies] the same standard as the trial court in considering the motion for summary judgment." *Read v. Legg*, 493 A.2d 1013, 1016 (D.C.1985) (footnote omitted) (citing *Holland v. Hannan*, 456 A.2d 807, 814 (D.C.1983)). The moving party must establish that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. *See* Super.Ct.Civ.R. 56(c). On appeal, this court

> must conduct an independent review of the record ... [to] determine whether any relevant factual issues exist by examining and taking into account the pleadings, depositions, and admissions along with any affidavits on file, ... construing such material in the light most favorable to the party opposing the motion.

*Graff v. Malawer*, 592 A.2d 1038, 1040 (D.C.1991) (citations omitted). "The test for deciding a motion for summary judgment is essentially the same as that for a motion for a directed verdict." *Beard v. Goodyear Tire & Rubber Co.*, 587 A.2d 195, 199 (D.C.1991).

■ Moreover,

> [i]n limited circumstances, where the parties have filed cross-motions for summary judgment and the motions "are based on the same material facts and address the same legal issues," the filing of the cross-motions may evidence the absence of any genuine issue of material fact.

*Read, supra*, 493 A.2d at 1016 (citing *Holland, supra*, 456 A.2d at 814 n. 9). When there is no dispute as to any material fact, the issue on appeal is whether the movant was entitled to judgment as a matter of law. *Basch v. George Washington Univ.*, 370 A.2d 1364, 1366, (D.C.1977).

In the present case, the facts are almost entirely undisputed. The questions presented to us are thus questions of law, and we therefore review the trial judge's disposition of them *de novo*.

## III.

### THE INSURANCE POLICIES AT ISSUE

This appeal turns largely on the provisions of specific insurance policies issued by USAA and by Northbrook. We conclude, based on a careful examination of the policies, that those issued by USAA to Major McCarden do not cover the accident in question, but that two of Northbrook's policies do apply to it.

■ *A. USAA's Policies.*

At the time of the collision, Major McCarden was insured by USAA under four policies. These policies provided liability coverage to McCarden with limits of $100,000 per person and $300,000 per occurrence.[2]

---

1. USAA also named two other defendants, Stonewall Insurance Company (Adjusters' excess insurer) and Wausau Insurance Company (the carrier for Goodrum's employer). The present appeal does not present any question involving either Stonewall or Wausau.

2. The four policies issued by USAA applied to vehicles owned by McCarden and located in

The USAA policies, by their explicit terms, require the insurer to "pay damages for bodily injury or property damage for which any covered person becomes legally responsible." "Covered person" is defined in pertinent part as

1. You or any family member for the ownership, maintenance or use of any auto or trailer.

2. Any person using your covered auto.

Subparagraph 1 does not apply to the collision which precipitated this case. It does not reach Major McCarden because he did not own the rented vehicle, nor does Northbrook allege that he was maintaining or using it.[3] Neither Adjusters nor Mlle. Claudel was a "family member," as required by subparagraph 1.

Subparagraph 2 is likewise inapplicable because the rental car did not fall within the definition of "your covered auto." The definition of that phrase includes[4] "[a]ny vehicle shown in the Declarations," and

[a]ny auto or trailer you do not own while used as a *temporary substitute* for any other vehicle described in this definition which is out of normal use because of its:
 a. breakdown;
 b. repair;
 c. servicing;
 d. loss; or
 e. destruction.

(Emphasis added).

The car which Mlle. Claudel was driving was not shown in the Declarations, nor was it a "temporary substitute" for any other vehicle which had become unavailable as a result of breakdown, repair, servicing, loss, or destruction. In fact, Major McCarden testified, and Northbrook does not deny, that he rented the car because all of his vehicles were in locations other than Washington, and because he needed one to drive during his visit here.

Moreover, it is commonly understood in the car insurance business that a "substitute automobile" is one

actually but only temporarily used in place of [a] specified automobile for the same use the insured automobile would have been used except for its withdrawal from all normal use and *while such withdrawal is because of its breakdown, repair, servicing, loss or destruction.*

6B JOHN A. APPLEMAN, INSURANCE LAW & PRACTICE § 4293.5, at 209 n. 38.30 (1979) (emphasis added) (citing *Fulton v. Woodford*, 17 Ariz.App. 490, 498 P.2d 564, 569 (1972)). The USAA policies were phrased in the very terms used in APPLEMAN, and were inapplicable to the scenario in the present case, which was a conventional short-term rental by someone who had no vehicle of his own in the Washington, D.C. area.[5]

■ *B. Northbrook's Policies.*

At the time of the accident, Adjusters was insured by three separate Northbrook policies, with limits of $25,000, $1,000,000 and $5,000,000, respectively. Northbrook acknowledges that the $25,000 policy covered the accident. USAA concedes that the $5,000,000 policy does not apply. The parties are in disagreement only as to whether

New York City, in Oakland, California, in St. Croix and in Washington, D.C. The policies appear to be identical in all relevant respects. Although one of the policies ostensibly insured three vehicles owned by McCarden and located in the District of Columbia, McCarden testified at his deposition that none of his own automobiles was in the District at the time of the accident. Northbrook does not contest this testimony.

3. Northbrook argues, somewhat astonishingly, that "you or any family member for the ownership, maintenance or use of any auto or trailer" means *any* ownership, maintenance or use by anyone, even if the owner, maintainer or user is not "you or any family member." We find this contention to be dubious as a matter of syntax and altogether contrary to common sense in its proposed open-ended application.

4. Northbrook's contentions concern only the two possible meanings of "covered auto" discussed in the text.

5. Northbrook also argues that "USAA's intention [to be covered] is evidenced by their [sic] pay[ment] of $100,000 towards the initial settlement of the tort action." Since the parties specifically agreed, however, that their respective liabilities would be determined in a later action for a declaratory judgment, Northbrook's contention, which appears to sound in waiver or estoppel, is altogether devoid of merit.

the $1,000,000 policy afforded coverage to Adjusters.

Northbrook's $1,000,000 policy provides that

> [w]e will pay all sums the insured legally must pay as damages because of bodily injury or property damage to which this insurance applies, caused by an accident and resulting from the ownership, maintenance or use of a covered auto.

In defining "WHO IS INSURED," the policy states that

> 1. You are an insured for any covered auto.
> 2. Anyone else is an insured while using with your permission a covered auto you own, hire or borrow except ... [6]

"Covered auto" is defined in pertinent part as including

> any vehicle rented by you to a rentee under a rental agreement the term of which is less than one year except an auto leased or rented under a "Temporary Substitute Automobile Lease Agreement" only.

On its face, the policy plainly applies to the accident in question. Goodrum's injury resulted from the use of the rental car. It is undisputed that Mlle. Claudel was using that car with Adjusters' permission. Finally, as we have explained in connection with the discussion of USAA's policy, the rental was not pursuant to a "Temporary Substitute Automobile Lease Agreement," as that phrase is used in the industry.[7]

Northbrook, however, relies on Endorsement No. 3 to its $1,000,000 policy. That Endorsement provides in pertinent part as follows:

> Contingent Liability Coverage—Rented Automobiles
>
> (Coverage for Named Insured Only)
>
> It is agreed that such insurance as is afforded by the policy for Bodily Injury and for Property Damage applies with respect to each covered auto as described in the policy, subject to the following provisions:
>
> Definition: Who is insured. With respect to insurance afforded by this endorsement the unqualified word "insured" includes only the Named Insured as stated in Item One of the Declarations.

According to Northbrook, Endorsement No. 3 "makes [it] clear that, even if the leased vehicle was covered by the policy, only the named insured, *i.e.* Adjusters, would have coverage."

USAA contends that Endorsement No. 3 is ambiguous. It points out, among other things, that the paragraph which attempts to redefine who is insured is limited to insurance "afforded by this endorsement."[8] USAA claims that since coverage is afforded by the policy, not by the endorsement, the paragraph is ambiguous. According to USAA, the policy should therefore be construed against Northbrook, because "[i]t is the duty of the insurer to spell out in plainest terms—terms understandable to the man in the street—any exclusionary or delimiting policy provisions...." *American Ins. Co. v. Tutt,* 314

---

**6.** Northbrook does not contend that any of the enumerated exceptions apply to this case.

**7.** Adjusters and Northbrook were unable to produce a copy of Major McCarden's rental agreement with Adjusters. Attached as an exhibit to Northbrook's Statement of Material Facts Not In Dispute, filed in support of its motion for summary judgment, is a document which counsel described as a "Form Agreement." At the top of this printed form the following words have apparently been typed: "Temporary Substitute Auto Agreement—(All other states)." Northbrook has provided no information concerning the meaning in this context of the words "[a]ll other states."

Northbrook has also produced no affidavit or other evidence to connect the proffered sample to this case. At oral argument before this court, Northbrook's counsel was unable to substantiate any such connection. Since the agreement between Adjusters and McCarden was not in fact a "Temporary Substitute Automobile Lease Agreement," as that term is used in the trade, and since Northbrook has not suggested that it used the phrase in any unconventional sense, no impartial jury could reasonably find that the vehicle in question was rented to McCarden under such an agreement. *See Beard, supra,* 587 A.2d at 199.

**8.** USAA also asserts that there is an inconsistency between the definition of "covered persons" in Endorsement No. 3 and the meaning of that term in the policy.

A.2d 481, 484 (D.C.1974) (quoting *Raley v. Life & Casualty Ins. Co.*, 117 A.2d 110, 113 (D.C.1955)). Northbrook responds that in this case, as in *Medical Service of District of Columbia v. Llewellyn*, 208 A.2d 734, 736 (D.C.1965),

> [n]o ambiguity exists in the present contracts if the language therein is given the meaning of common understanding. Ambiguities will not be sought out. The clear meaning will be adopted whether favorable to the insured or not.

We are not disposed to resolve this conundrum regarding the existence *vel non* of one or more ambiguities in Endorsement No. 3, for it is unnecessary to do so in order to decide this case. This is because the District of Columbia's Motor Vehicle Safety Responsibility Act, D.C.Code § 40-408 (1990), provides that

> [w]henever any motor vehicle ... shall be operated upon the public highways of the District of Columbia by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall in case of accident, be deemed to be the agent of the owner of such motor vehicle, and the proof of the ownership of said motor vehicle shall be prima facie evidence that such person operated said motor vehicle with the consent of the owner.

In the *Goodrum* suit, the federal district court applied § 40-408 and imposed liability against Adjusters because,

> [g]iven the answers to interrogatories provided by Adjusters Auto Rental, and its own inability to produce the lease agreement, the Court must conclude that [Mlle.] Claudel had Adjusters Auto Rental's permission to operate the vehicle.

Mlle. Claudel was therefore Adjusters' agent within the meaning of § 40-408. *See*

---

9. We have no occasion to reach certain other points raised by the parties since these issues would arise only if our determination as to coverage were different.

10. Northbrook also claims, somewhat perfunctorily, that the trial judge should have granted summary judgment in its favor because USAA's action was brought more than three years after the accident. *See* D.C.Code § 12-301(3) (1989). USAA's suit, however, was not based on tort, but

*generally* 6B APPLEMAN, *supra*, § 4313, at 332.

Northbrook's $1,000,000 policy provides coverage to the insured for liability "resulting from the *ownership*, maintenance or use of a covered auto." (Emphasis added). Thus, under the terms of the policy, Adjusters, as the owner of the vehicle, was insured by that policy for any liability resulting from the negligence of Mlle. Claudel in operating the rental vehicle with Adjusters' consent.

Since Northbrook's $1,000,000 policy covered the accident and USAA's policies did not, USAA is entitled to recover from Northbrook the $100,000 which it contributed to the settlement.[9]

### IV.

### CONCLUSION

For the foregoing reasons, the judgment appealed from is hereby

*Affirmed.*[10]

rather on its agreement with Northbrook, in 1991, that any applicable coverage dispute was to be resolved in an action for a declaratory judgment. If Northbrook's contention were accepted at face value, then USAA's right to bring the action would have expired in 1988, *three years before the parties entered the agreement on which the suit was based!* For this and other reasons, we reject Northbrook's contention that the complaint is time-barred.