**John B. CLYBURN, Appellant,**

v.

**1411 K STREET LIMITED PARTNERSHIP,**
**Appellee.**

**No. 92–CV–970.**

District of Columbia Court of Appeals.

Argued June 15, 1993.
Decided July 26, 1993.

James P. Sullivan, for appellant.

Rebecca J. Habbert, for appellee.

Before STEADMAN and SCHWELB, Associate Judges, and REILLY, Senior Judge.

SCHWELB, Associate Judge:

In this suit on a guaranty relating to a commercial lease, the trial judge granted summary judgment in favor of the landlord, 1411 K Street Limited Partnership, against the guarantor, John C. Clyburn, in the amount of $16,326.68, together with interest, costs, and counsel fees. On appeal, the guarantor contends that summary judgment was improperly granted. We agree, vacate the judgment, and remand for further proceedings.

## I.

At all relevant times, the guarantor was the Chairman of the Board and controlling stockholder of Career Business Academy, Inc. ("the tenant"). In 1987, the tenant had rented commercial premises from the landlord pursuant to a written lease. By early 1989, the tenant was in substantial arrears for rent due. The landlord and tenant instituted negotiations over the arrearage and, in July 1989, these negotiations culminated in the execution of a document denominated "First Amendment to Commercial Lease Agreement and Lease Guaranty," to which we shall refer as the "Agreement." The Agreement provided that the tenant would pay rent in the amount of $4,037.49 per month, and would vacate the premises on September 30, 1989. The parties agreed that if the tenant vacated, the lease would then terminate, and that "under no circumstances shall Tenant be permitted to or have any right to remain in the Retained Space after September 30, 1989."

The Agreement also included a "Guaranty of Lease" which was signed by the guarantor personally. The guaranty provided in pertinent part as follows:

the undersigned, absolutely and unconditionally guarantees to Landlord, its successors and assigns, with respect to the

Lease, as amended, the payment of the rent and all additional rent required to be paid by Tenant under the Lease, up to the sum of $32,379.13 and the payment of all costs and expenses, including reasonable attorney's fees, incurred by Landlord in the enforcement of its rights under this Guaranty. The obligation of the Guarantor hereunder relates to all obligations under the Lease including past, present and future obligations whether or not currently in default.... It is understood that there are no conditions or limitations to this Guaranty except those written hereon at the date hereof....

The dollar limitation—$32,379.13—appeared in handwriting in the margin of the typed agreement; a larger sum ($52,487.40) had been crossed out.

It is undisputed that, following the execution of the Agreement but before the termination of the lease, the tenant paid in full the rent arrearage ($24,304.14), as well as two months rent, for a total of $32,379.13. Contrary to its obligation pursuant to the Agreement, however, the tenant failed to vacate the leased premises on September 30, 1989. Instead, the tenant held over until February, 1990, but paid no rent for the months during which it held over.

The landlord then filed a suit in the Landlord and Tenant Branch of the Superior Court's Civil Division. The landlord secured a stipulated money judgment for $20,187.45 due and owing for rent and operating charges through the end of February 1990. Apparently unable to collect most of this money judgment from the tenant, the landlord then brought a separate civil action against the guarantor for the balance of $16,326.68, together with interest, costs and counsel fees.

In the new action founded on the guaranty, the landlord filed a motion for summary judgment. The guarantor opposed the motion, noting in an affidavit that his personal guaranty was limited to rental liability in the sum of $32,379.13, and that this amount had been paid by the tenant. He swore that no party had expected the ten-ant to occupy the property after September 30, 1989, and that

it was never required by [the landlord] that I guaranty [sic] any future payments by CBA past that time frame, other than those amounts, nor did I intend to make any such future guaranty.

The judge granted the landlord's motion for summary judgment, and subsequently denied the guarantor's motion to alter and amend the judgment. This appeal followed.

## II.

■ In order to be entitled to summary judgment, the landlord must demonstrate that there is no genuine issue of material fact and that the landlord is entitled to judgment as a matter of law. Super.Ct.Civ.R. 56(c); *Northbrook Ins. Co. v. United States Auto. Ass'n*, 626 A.2d 915, 917 (D.C.1993). The record is viewed in the light most favorable to the party opposing the motion. *Graff v. Malawer*, 592 A.2d 1038, 1040 (D.C.1991). On appeal from an award of summary judgment, this court conducts an independent review of the record, but the substantive standard applied is the same as that utilized by the trial court. *Northbrook, supra*, 626 A.2d at 917.

■ In the present case, the guarantor contends that his guaranty is, at least, ambiguous, and that a genuine issue of material fact exists as to its meaning. Whether an instrument is ambiguous is a question of law. *King v. Industrial Bank of Washington*, 474 A.2d 151, 155 (D.C.1984). A contract is ambiguous only if it is "reasonably susceptible of different constructions or interpretations." *1901 Wyoming Ave. Co–Op Ass'n v. Lee*, 345 A.2d 456, 461 n. 7 (D.C.1975). Disagreement between the parties as to the meaning of a contract does not, *ipso facto*, render it ambiguous. *Sacks v. Rothberg*, 569 A.2d 150, 154–55 (D.C.1990). "The court may not create ambiguity where none exits." *Carey Canada, Inc. v. Columbia Cas. Co.*, 291 U.S.App.D.C. 284, 292, 940 F.2d 1548, 1556 (1991).

The landlord successfully argued below, and continues to maintain here, that the guaranty unambiguously requires the guarantor to pay the disputed amounts. Focusing on the language in the Agreement which states that the guaranty "relates to *all* obligations under the Lease including past, present and *future* obligations *whether or not currently in default*," (emphasis added), the landlord claims that the guaranty is unrestricted and that no genuine issue of material fact exists. The guarantor responds that his guaranty applies only to rent "required to be paid by the Tenant under the Lease, *up to the sum of $32,379.13*," (emphasis added), and that his otherwise unrestricted obligation must be construed as subject to this limitation.

■■■ A contract must be interpreted as a whole. *1010 Potomac Associates v. Grocery Manufacturers of America, Inc.*, 485 A.2d 199, 205 (D.C.1984). No language therein should be viewed as redundant. *Id.* Accordingly, the language limiting the guarantor's liability to a stated sum must be given some effect. Moreover, where, as here, there is arguably a conflict between the "*all* obligations" clause, which was a part of the typed document, and the reference to $32,379.13, which appeared in handwriting in the margin, we must be especially careful to give appropriate consideration to the latter provision. *See Flack v. Laster*, 417 A.2d 393, 398 (D.C.1980); 3 CORBIN ON CONTRACTS § 548, at 183 (1960) (a provision made with pen and ink is preferred over an inconsistent one that is typed). Accordingly, the limitation of Clyburn's obligation in the guaranty to a specified sum must be viewed as modifying or trumping the language to the effect that the guarantor's obligation is unrestricted. An impartial trier of fact, in any event, could reasonably so find.

■■ In its brief, the landlord ignored the language which apparently placed a limitation on the guarantor's liability, and relied exclusively on the provisions later in the document which, standing alone, would have created an obligation on the part of the guarantor unrestricted in amount or time. At oral argument, however, counsel for the landlord argued for the first time in this court (as the landlord argued below) that the $32,379.13 ceiling would relieve the guarantor of any further obligations under the guaranty only if he (rather than the tenant) had paid rent in that amount. Even assuming, without deciding, that a party seeking affirmance of a trial court order may rely on a point which it has not previously made in its brief, we find this contention unpersuasive, for we do not believe that this reading of the language is compelled. The guarantor "guarantees to Landlord ... the payment of the rent and all additional rent required to be paid by Tenant under the Lease, up to the sum of $32,379.13." The parties could have unambiguously written that the guaranty would remain in effect until *the guarantor* had expended $32,379.13 *of his own money.* No such express provision was included.

We recognize that the landlord presumably secured the guaranty out of some concern regarding the financial viability of his corporate tenant. As written, however, the guaranty at least arguably terminates the guarantor's personal liability after the sum of $32,379.13 has been paid by someone. The agreement was not written with sufficient clarity to support a summary judgment which would hold the guarantor liable beyond that. Accordingly, we vacate the judgment and remand the case for further proceedings consistent with this opinion.[1]

*So ordered.*

---

1. The guarantor did not file a cross-motion for summary judgment, and we therefore have no occasion to decide whether or not the interpretation of the contract advanced by him is the only reasonable one. We hold only that the interpretation for which the landlord contends is *not* the sole reasonable one.