Elizabeth S. MORRIS, Appellant,

v.

Maria PRATI, trading as Aldo Cafe, and District of Columbia, a municipal corporation, Appellees.

No. 2578.

Municipal Court of Appeals for the District of Columbia.

Argued June 13, 1960.

Decided Aug. 25, 1960.

Sidney A. Cohen, Washington, D. C., with whom Joseph D. Bulman, Washington, D. C., was on the brief, for appellant.

Denver H. Graham, Washington, D. C., with whom Albert E. Brault, Washington, D. C., was on the brief, for appellee Prati.

John R. Hess, Asst. Corp. Counsel, Washington, D. C., with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee District of Columbia.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

■ During a snowfall on March 19, 1958, appellant and her escort entered Aldo Cafe, which is owned and operated by appellee Prati. About two hours later they left the restaurant and by that time the snow had changed to sleet and rain and there was an accumulation of two to three inches of sleet and snow on the street and sidewalk. While her escort was getting his automobile, appellant waited for him under a canopy at the top of the steps which led down to the restaurant. She then took one to three steps towards the curb, suddenly lost her footing, fell and was injured.

Appellant sued Prati and the District of Columbia on the theory that they, either jointly or separately, had been negligent in maintaining a defectively paved sidewalk or the area adjacent thereto, and allowing it to be covered with an accumulation of sleet, snow and slush. At the close of appellant's evidence the trial court directed a verdict in favor of both defendants. Appellant claims this was error.

Although the complaint alleged a defectively paved sidewalk, no evidence was offered to sustain this claim; and the case must be viewed as one where the sole cause of plaintiff's slipping and falling was the accumulated snow, sleet and slush.[1]

■ The directed verdict in favor of the District of Columbia was clearly correct. Surely the District of Columbia is not an insurer of all pedestrians who use the public sidewalks and streets in the midst of a snowstorm. As was said in Smith v. District of Columbia, 89 U.S.App.D.C. 7, 10, 189 F.2d 671, 674, 39 A.L.R.2d 773, 779, the municipality "cannot be held liable for injuries due to snow or ice as or just after the snow has fallen or the ice formed and when the city has had no opportunity to correct dangerous conditions thus created." Indeed, it would seem that the District

is liable only for a condition which is "dangerous and unusual in some way other than the original general slipperiness caused by the weather conditions," and then only after notice and reasonable opportunity to treat or remove the unusual condition. Campbell v. District of Columbia, 100 U.S. App.D.C. 120, 125, 243 F.2d 226, 231.

With respect to the restaurant keeper we think the directed verdict was likewise correct. In Hecht Co. v. Hohensee, 65 App.D.C. 328, 329, 83 F.2d 585, 586, it was said:

"In Norville v. Hub Furniture Co., 59 App.D.C. 29, 32 F.(2d) 420, we held that, in the absence of statutory provision to the contrary, the owner or occupant of property owes no duty to pedestrians to keep the sidewalk in front of it free from ice and snow coming thereon from natural causes; nor does a storekeeper owe any greater duty in this regard to customers leaving his store than he owes to ordinary pedestrians."

■ Appellant asserts there was error by the trial court in refusing to permit appellant to reopen her case to call a witness "to establish ownership or control by the District of Columbia of the specific location at which plaintiff fell." We see no error because the evidence would have added nothing to appellant's case. While appellant's evidence did not clearly establish whether she fell on the sidewalk proper or on that portion of the paved public space between the sidewalk and the building line, it is apparent from the pleadings, pre-trial statements and testimony that all parties proceeded on the theory that appellant's fall occurred on a public space. Otherwise, it is difficult to see why the District was named as a defendant. And, as we have already pointed out, mere ownership by the District did not create liability on its part. And this very fact of ownership by

[1] All parties agree that our snow removal law, Code 1951, §§ 7-801, 7-802, has no application here.

the District absolves the restaurant keeper, for there was no evidence, as is asserted in appellant's brief, that "the area where plaintiff fell was necessarily appropriated to the exclusive use and benefit of Aldo's Cafe." Lack of ownership of the space by the restaurant keeper makes inapplicable the cases of Pessagno v. Euclid Inv. Co., 72 App.D.C. 141, 112 F.2d 577, and Lord v. Lencshire House, Ltd., 106 U.S.App.D.C. 328, 272 F.2d 557, where the falls occurred on privately owned property.

Affirmed.