**Judy E. BATTLE, Plaintiff,**

v.

**GEORGE WASHINGTON UNIVERSITY, Defendant.**

**Civ. A. No. 91–2224.**

United States District Court, District of Columbia.

Sept. 30, 1994.

---

**1460**

Leonard I. Rosenberg, Riverdale, MD, for plaintiff.

Robert S. Holt and Nancy S. Appel, Arent, Fox, Kintner, Plotkin & Kahn, Washington, DC, for defendant.

## OPINION

STANLEY S. HARRIS, District Judge.

■ Before the Court are defendant's motion for summary judgment, plaintiff's opposition, and defendant's reply.[1] Summary judgment may be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In considering a summary judgment motion, all evidence and the inferences to be drawn from it must be considered in a light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Summary judgment cannot be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Upon consideration of the entire record, the Court grants defendant's motion for summary judgment. Although "findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56," the Court nonetheless sets forth its analysis. *See* Fed. R.Civ.P. 52(a).

### Background

On January 8, 1991, plaintiff slipped and fell on icy pavement adjacent to the Foggy

---

**1.** Plaintiff originally sued Washington Metropolitan Area Transit Authority ("WMATA") for her injuries. After discovery revealed that GWU owns and maintains the site of plaintiff's slip and fall, WMATA was dismissed from the case.

Bottom Metro station. The fall occurred when plaintiff exited the station during a freezing rainstorm. Plaintiff identified the site of her fall as the public plaza ("Eye Street Plaza") between 23rd and 24th Streets owned by defendant George Washington University ("GWU").

On the morning of January 8, 1991, the weather was clear with no precipitation. The weather continued to be clear throughout the day until approximately 4:00 p.m. when a freezing rainstorm began.

At approximately 5:00 p.m., during the storm, plaintiff left her job in Virginia and traveled by subway to the Foggy Bottom Metro station. Plaintiff arrived at the Foggy Bottom station at about 6:00 p.m. and took the escalator up to ground level. When she reached the top of the escalator, freezing rain was still falling, and ice was coating the concrete, fences, and surrounding cars. Plaintiff immediately began sliding from the moment she stepped off of the escalator and began to walk across the Eye Street Plaza. Plaintiff slipped on the icy pavement of the Plaza and fell.

As a result of her fall, plaintiff fractured her ankle and received medical treatment for her injuries. Plaintiff contends that GWU was negligent in maintaining the Eye Street Plaza under its supervision by failing to remove accumulations of snow, slush, and ice which had formed on the pavement.

Defendant now moves for summary judgment on the grounds that under the District of Columbia Snow Removal Statute GWU owes no duty to remove sleet and ice while a freezing rainstorm is in progress. Additionally, defendant contends that there is no common law duty for a landowner in the District of Columbia to clear ice during a freezing rainstorm.

### Analysis

The dispositive issue is whether GWU had a duty to clear away the sleet and freezing rain from the Eye Street Plaza during the storm on January 8, 1991. In granting the motion for summary judgment, the Court holds that GWU has no statutory or common law duty to clear the sleet and freezing rain while a freezing rainstorm is in progress.

■ First, the "Snow Removal Statute" does not apply to the Eye Street Plaza. The statute requires that:

> [a property owner] in charge or control of any building or lot of land ... fronting or abutting on a paved sidewalk ... within the first 8 hours of daylight after the ceasing to fall of any snow or sleet, to remove and clear away, or cause to be removed and cleared away such snow or sleet from so much of said sidewalk....

D.C.Code Ann. § 7–901 (1989). As a matter of law, the Eye Street Plaza does not qualify as a "sidewalk." In the District of Columbia, sidewalks "extend from the curb lines of the streets to the property lines of abutting lots. They are publicly owned, and are controlled exclusively by the municipal authorities of the District." *Randinsky v. Ellis*, 167 F.2d 745, 745 (D.C.Cir.1948). Here, the Eye Street Plaza is privately owned by GWU. Moreover, the Plaza was created by closing off a section of Eye Street and does not fit the physical requirements of a sidewalk. Therefore, because the Plaza does not qualify as a sidewalk, the statute does not define GWU's duty to pedestrians such as plaintiff.[2]

■ Second, under the undisputed circumstances of the case at bar, District of Columbia law does not impose a duty to clear sleet and freezing rain from the Plaza because the freezing rainstorm was in progress. According to District of Columbia law, a landowner has a duty of reasonable care under all the circumstances to all persons lawfully upon the landowner's property. *Sandoe v. Lefta Assocs.*, 559 A.2d 732, 742 (D.C.1988).[3] However, a landowner is not required to be a guarantor of the safety of all persons lawfully upon his premises. *Id.* at

**2.** This interpretation of the statute makes it unnecessary to reach plaintiff's argument that there is a genuine issue of material fact regarding whether GWU had a statutory duty arising from the previous storm of January 7, 1991.

**3.** In *Sandoe*, the Court abolished common law distinctions between invitees and licensees and instead adopted a reasonable care standard as to persons lawfully upon the premises. *Sandoe*, 559 A.2d. at 738.

741. District of Columbia common law provides that a landowner must be afforded reasonable notice or a reasonable opportunity for notice to treat or remove a hazardous condition.[4] *Morris v. Prati*, 163 A.2d 552, 553 (D.C.1960). *See Bray v. District of Columbia Transit System, Inc.*, 179 A.2d 387, 389 (D.C.1962) (directing verdict for defendant bus company holding that there was no reasonable opportunity or time for the bus driver to remedy icy steps on a public bus during a snowstorm); *C.W. Simpson Co. v. Langley*, 131 F.2d 869, 870 (D.C.Cir.1942) (holding that an apartment building owner's duty to ensure the safety of the premises for persons lawfully using them arises after notice or reasonable opportunity for notice).

In *Morris v. Prati*, 163 A.2d 552 (D.C. 1960), the plaintiff was injured when she fell on a public sidewalk abutting a restaurant which was covered with a two-hour accumulation of snow and sleet. The court upheld the District of Columbia rule that the municipality cannot be held liable for injuries due to snow or ice as or just after the snow has fallen or the ice formed, and when there has been no opportunity to correct dangerous conditions created by the weather. *Morris*, 163 A.2d at 553 (citing *Smith v. District of Columbia*, 189 F.2d 671, 674 (D.C.Cir.1951)). The court noted that "mere ownership [of the sidewalk] by the District did not create liability on its part." *Id.* at 553. With respect to the restaurant owner, the court held that "in the absence of a statutory provision to the contrary, the owner or occupant of property owes no duty to pedestrians to keep the sidewalk in front of it free from ice and snow coming thereon from natural causes...." *Id.* at 553 (citing *Norville v. Hub Furniture*, 32 F.2d 420, 421 (D.C.Cir.1929)).

■ Similar to *Morris*, in the instant case, plaintiff had exited the Foggy Bottom station only two hours after the freezing rainstorm

had begun, and had slipped and fallen as the rain froze to form ice on the pavement. According to the rule upheld in *Morris*, GWU had no duty to correct or remove the icy conditions while a freezing rainstorm was in progress. Moreover, GWU cannot be held liable for injuries due to the ice that was forming on the pavement before GWU had a reasonable opportunity to remedy the icy conditions.

Plaintiff contends that summary judgment is inappropriate because there is a factual dispute as to whether the previous storm of January 7, 1991, provided constructive notice to GWU that preventative measures were necessary. This argument, however, fails to raise a genuine issue of material fact. It is uncontested that at the time of plaintiff's fall, freezing rain was still falling and forming ice on the pavement. Additionally, the records of the Weather Bureau indicate that the freezing rainstorm which caused the icing of the pavement did not begin until approximately 4:00 p.m. on January 8, 1991. *See Robinson v. Park Central Apartments*, 248 F.Supp. 632, 636 (D.D.C.1965) (holding that the best evidence of weather conditions is to be found in the records of the Weather Bureau). Because the freezing rainstorm persisted at the time of plaintiff's fall, GWU did not have a reasonable opportunity to take preventative measures. Similarly, in *C.W. Simpson Co. v. Langley*, the court held that there was no reasonable opportunity for notice of a dangerous condition when the plaintiff slipped on the ice only two hours after a freezing rainstorm began in the early morning. *C.W. Simpson Co.*, 131 F.2d 869, 870 (D.C.Cir.1942).

Other jurisdictions have upheld the rule that there is no duty of a landowner to clear ice and snow while a storm is in progress. Most recently, in *Cerra v. Perk Dev.*, 197

---

4. Plaintiff's reliance on cases arising in the landlord-tenant context is misplaced. *See Pessagno v. Euclid Inv. Co.*, 112 F.2d 577, 579 (D.C.Cir.1940) (requiring that a landlord maintain means of ingress and egress to his building in a reasonably safe condition for tenants and other invitees, including that preventative measures be taken so invitees would not be injured from accumulations of ice or snow on the building's approaches); *Robinson v. Park Central Apartments*,

248 F.Supp. 632, 634 (D.D.C.1965) (same). The duty owed by a landlord to a tenant, or to a tenant's guest, requires different considerations from that of the duty of a private landowner to a pedestrian. Landlord-tenant law "turn[s] on principles of breach of implied contract and the special relationship of landlord and tenants." *Cook v. Safeway Stores, Inc.*, 354 A.2d 507, 508 (D.C.1977). Thus, the Court finds the rulings of these landlord-tenant cases inapplicable.

A.D.2d 851, 602 N.Y.S.2d 277 (1993), the court granted summary judgment to the defendant restaurant where the plaintiff sustained injuries when she slipped and fell on a snow-covered walk on the defendant's premises. The court stated, "the proof is uncontroverted that a snowstorm was in progress at the time of plaintiff's fall, and thus there can be no recovery against defendant. A landowner is not responsible for a failure to remove snow and ice until a reasonable time has elapsed after cessation of the storm." *Id.* 602 N.Y.S.2d at 277. *Accord Mattson v. St. Luke's Hosp. of St. Paul,* 252 Minn. 230, 89 N.W.2d 743 (1958) (holding that there is no duty to remove ice and snow during a storm because it is inexpedient and impractical to remove ice and slippery conditions from exposed walks during a freezing rain, snow, and sleet storm); *Walker v. Memorial Hosp.,* 187 Va. 5, 45 S.E.2d 898 (1948) (holding that there is no duty to clean ice and snow during a storm because the changing conditions due to the storm render it inexpedient and impracticable to take earlier effective action).

According to the common law of the District of Columbia, a landowner has a duty of reasonable care under all the circumstances to all persons lawfully upon the landowner's property. *Sandoe,* 559 A.2d at 742. Under the circumstances of the case at bar, GWU had no duty to clear the sleet and freezing rain from the Eye Street Plaza during the freezing rainstorm on January 8, 1991.

### Conclusion

For the foregoing reasons, defendant's motion for summary judgment is granted.